| | |
|---|---|
| 1 | **BALLARD SPAHR LLP** |
| | Brianna R. Howard (SBN 314642) |
| 2 | howardbr@ballardspahr.com |
| | 2029 Century Park East, Suite 1400 |
| 3 | Los Angeles, CA 90067-2915 |
| | Telephone: 424.204.4400 |
| 4 | Facsimile: 424.204.4350 |

J. Matthew Thornton (*pro hac vice*)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL, INC. and
RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PEMBERTON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES, LLC,<br><br>Defendants. | Case No. 3:25-cv-03647-JSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>*Declaration of David M. Krueger, Esq.; and [Proposed] Order Filed Herewith*<br><br>**Hearing:**<br>Judge: Hon. Jacqueline Scott Corley<br>Dept: Courtroom 8—19th Floor<br>Date: May 14, 2026<br>Time: 10:00 a.m. |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on Thursday, May 14, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jacqueline Scott Corley in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Restaurant Brands International, Inc. and Restaurant Brands International US Services LLC will and hereby do move to dismiss with prejudice Plaintiff Daniel Pemberton's claims under the California Invasion of Privacy Act ("CIPA") as alleged in Counts III and IV of his First Amended Class Action Complaint (Dkt. 51) ("FAC").

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's CIPA claims should be dismissed, with prejudice, because Plaintiff failed to timely bring them and has not alleged facts sufficient to support equitable tolling.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities; the Declaration of David M. Krueger, Esq. and attached exhibit; the pleadings and other matters on file in this action; any further briefing, evidence presented, or argument of counsel; and anything else the Court may properly consider.

**PLEASE TAKE FURTHER NOTICE** that, on February 10, 2026, Defendants filed an administrative motion to extend their deadlines to respond to the FAC and any pending discovery requests (Dkt. 56), which is still pending before the Court. As reflected in the administrative motion, Plaintiff's counsel repudiated the parties' prior conferral efforts just days before Defendants' deadline to respond to the FAC, forcing Defendants to seek immediate relief from the Court. By filing this Motion to Dismiss, Defendants seek to preserve all arguments that they could have raised had their newly-substituted counsel been granted an appropriate extension to review the file, consult with their clients, and prepare a response.

Should Plaintiff's counsel have a conflict on the designated hearing date, Defendants' counsel will reschedule it.

| | |
|---|---|
| DATED: February 12, 2026 | BALLARD SPAHR LLP |
| | |
| | */s/ J. Matthew Thornton* |
| | Brianna R. Howard |
| | J. Matthew Thornton |
| | |
| | *Attorneys for Defendants* |
| | RESTAURANT BRANDS INTERNATIONAL, |
| | INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

This Court recently held that Plaintiff was not entitled to rely on the equitable tolling doctrine to save his untimely California Invasion of Privacy Act ("CIPA") because he had failed to allege facts sufficient to justify the nine-and-a-half-month delay between the time an arbitrator ruled he could bring his claims in court and the date on which he actually filed suit.

Given a second chance, Plaintiff seeks to salvage his equitable tolling argument based on a vague reference to "discussions" his counsel and Defendants' counsel allegedly engaged in at some unspecified time before "the end of 2024" to "resolve this dispute." The discussions Plaintiff is referring to consist of a total of four email messages, exchanged over the course of less than 27 hours in late December 2024, in which: (1) Plaintiff's counsel purported to give Defendants' then-counsel a "heads up" that Plaintiff would be filing his complaint soon; (2) Defendants' counsel asked Plaintiff's counsel if it "made sense" to "hop on a call in the New Year to discuss before [Plaintiff's counsel] file[ed] anything"; and (3) Plaintiff's counsel immediately declined to engage in further discussions, stating he was "going to file" before January 1, 2025, and likely as early as that coming Tuesday—which, curiously, also happened to be Christmas Eve. Plaintiff's counsel made clear it was his belief that "the time to talk was months and months and months ago." Unsurprisingly, that's when the "discussions" referenced in Plaintiff's First Amended Complaint fizzled, at "the end of 2024." And yet, Plaintiff would not file his complaint for another four months.

These ephemeral "discussions" between counsel do not come close to curing the fundamental defect that led this Court to reject Plaintiff's equitable tolling argument the first time around. Because Plaintiff has not alleged any other facts that could plausibly justify his decision to delay the filing of his CIPA claims for nearly ten months, he is not entitled to equitable tolling. Perhaps Plaintiff's counsel was right when he said in his December 2024 email that "the time to talk was months and months and months ago." So, too, was Plaintiff's time to file.

For these reasons and those set forth more fully below, the Court should dismiss Plaintiff's CIPA claims with prejudice.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# FACT STATEMENT

## I. Plaintiff Discovers Alleged Privacy Violation, Obtains Favorable Ruling in Arbitration, But Still Waits More Than Nine and Half Months Before Filing Suit.

In or around March 2023, Plaintiff visited the Website "to browse information about Burger King products and locations." FAC ¶ 96. Immediately upon pulling up the Website a popup cookie consent banner appeared that prompted Plaintiff to accept or reject certain tracking cookies. *Id.* ¶ 98. Plaintiff alleges he rejected cookies on the Website. *Id.*

On October 20, 2023, Plaintiff learned "from his counsel" that the Website did not properly process his rejection of cookies. *Id.* ¶ 105.

On November 13, 2023, Plaintiff filed an arbitration demand against Defendants with the American Arbitration Association. *Id.* ¶ 108. Plaintiff did not believe his claims were subject to arbitration. *Id.* ¶ 109. He filed the arbitration so that an arbitrator could rule on the issue. *Id.* ¶ 108.

On July 9, 2024, the Arbitrator "ruled that the court, not the arbitrator, must decide whether an arbitration agreement was formed between the parties." *Id.* ¶ 110.

After receiving the Arbitrator's ruling, Plaintiff waited until April 25, 2025—more than nine and half months (290 days)—before initiating this lawsuit. *See* Dkt. 1.

## II. The Court Enters an Order Dismissing Plaintiff's CIPA Claims as Untimely and Rejecting Plaintiff's Equitable Tolling Argument.

Defendants timely moved to dismiss Plaintiff's complaint. Dkt. 12. The Court granted Defendants' motion in part. Dkt. 46 (hereinafter, the "Order"). As pertinent here, the Court held it was "apparent" from "the face of the complaint" that Plaintiff's CIPA claims were time-barred, because Plaintiff "did not file this complaint until … more than 18 months after he admits he learned of the conduct and six months after the statute of limitations had run." Order at 9:27–10:2.

In so ruling, the Court considered—but rejected—Plaintiff's attempt to invoke the equitable tolling doctrine:

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

> Plaintiff is not entitled to equitable tolling because no complaint allegations support an inference of reasonable and good faith conduct in waiting nine and a half months—from July 9, 2024, when the arbitrator ruled a court needed to determine whether an arbitration agreement existed, until April 25, 2025—to file his complaint in this Court.

*Id.* at 10:25–11:17 (listing cases). The Court gave Plaintiff leave to amend "to the extent he can allege facts justifying his delay in filing the complaint." *Id.* at 11:20–22.

### III. Attempting to Salvage His CIPA Claims, Plaintiff Relies on Vague References to "Discussions" Between Counsel Regarding a "Potential Resolution."

Plaintiff filed an amended complaint ("FAC") on January 29, 2026.[1] Dkt. 51. His amended complaint asserts only two additional allegations purporting to justify the nine-and-a-half month period between the time the Arbitrator held that a court needed to rule on the arbitrability issue and when Plaintiff filed his lawsuit. *See* FAC ¶¶ 111, 113. The allegations vaguely reference "discussions" Plaintiff's counsel and "counsel for Defendants engaged in . . . regarding a potential resolution of Plaintiff Pemberton's claims" between July 9, 2024, and the "end of 2024, and his counsel's alleged "evaluat[ion]" of "whether to resolve the matter or whether and how best to proceed in court given the Arbitrator's ruling." FAC ¶ 111; *see also id.* ¶ 113 (referring to the discussions as "good faith efforts between counsel to resolve this dispute"). Plaintiff provides a date range of when the discussions occurred, but he does not allege the specific dates or contents of the referenced discussions. Nor does he allege how, if at all, the referenced discussions affected or delayed his counsel's evaluation of next steps.

### IV. The "Discussions" Referenced in Plaintiff's First Amended Complaint is An Email Exchange That Occurred Between December 19-20, 2024.

After the Arbitrator's July 9, 2024 ruling, Plaintiff's counsel (Seth Safier) did not contact Defendants' then-counsel about Plaintiff's case until December 19, 2024—nearly five and half months (163 days) later. *See* Decl. of David Krueger, Esq. ("Krueger Decl.") ¶ 6, Ex. A. On December 19, 2024, Plaintiff's counsel sent a short, two-sentence email to Defendants'

---

[1] The Court's Standing Order required Plaintiff to attach to his FAC a redline of the changes he made to his original complaint. Plaintiff failed to do so.

counsel (Meegan Brooks) reflecting his intention to file the complaint "soon":

> Hi Meegan, I hope all is well. Just as a courtesy heads up that this will be filed soon. Cheers, Seth

*Id.* Defendants' counsel responded the next morning, December 20, 2024:

> Thank you, Seth. We appreciate your sharing. Would it make sense for all of us to hop on a call in the New Year to discuss before you file anything?

*Id.* Ten minutes later, Plaintiff's counsel responded, stating not only that he would not delay filing the lawsuit, but that he intended to file it that coming Tuesday afternoon—Christmas Eve:

> No, because we are going to file before Jan 1; mostly likely it gets filed on Tuesday afternoon. Finally, with all due respect, the time to talk was months and months and months ago. If your client wants to make a final offer, we will, of course, listen

*Id.* Later that same day, Defendants' counsel responded:

> Thanks, Seth, and total appreciate where you are coming from on the timing. Yet with respect to timing, getting this notice now when the business departments are already off for the holidays puts us in a tough position as far as being able to discuss without client until they are back.

*Id.*

Then, there was silence. Four months (127 days) later, Plaintiff filed his complaint. *See* Dkt. 1.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Establishing the plausibility of a complaint's allegations is a two-step process. *See id.* at 678–79. First, a court should "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Then, a court should "assume the[ ] veracity" of "well pleaded factual allegations." "[T]he Court need not accept as true any allegations contradicted by matters properly subject to judicial notice … or that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015).

# ARGUMENT

## I. As This Court Previously Held, Plaintiff's Allegations Establish that His CIPA Claims Are Time-Barred.

CIPA has a one-year statute of limitations. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020). Like in the original complaint, Plaintiff alleges his CIPA claims arise from his use of the Website in March 2023. FAC ¶ 96. He alleges he did not discover Defendants' alleged wrongdoing until October 20, 2023. *Id.* ¶ 105. So, "[a]pplying the discovery rule, the statute of limitations expired around October 20, 2024—one year after he learned of his claim." Order at 9.

"Plaintiff did not file this complaint until April 25, 2025—more than 18 months after he admits he learned of the conduct and six months after the statute of limitations had run." *Id.* at 9–10. It is therefore "apparent" from 'the face of the complaint" that Plaintiff's CIPA claims are time-barred. *Id.*

## II. Plaintiff's Amended Allegations Do Not Support Equitable Tolling.

"Where a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling." *Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (2019), *as modified* (Apr. 8, 2019). "[E]quitable tolling is a narrow remedy that applies to toll statutes of limitations only 'occasionally and in special situations.'" *State Comp. Ins. v. Dep't of Ins.*, 96 Cal. App. 5th 227, 240 (2023) (quoting *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 719 (2020)). To invoke equitable tolling, a plaintiff must "at least demonstrate that, despite their exercise of diligence, extraordinary circumstances beyond their control prevented them from timely filing their claims." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013).

To satisfy this prerequisite, a plaintiff must allege, at a minimum, that he or she engaged in "reasonable and good faith conduct." *See Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 724. The plaintiff's conduct "must be objectively reasonable and subjectively in good faith." *Id.* at 729.

"[T]he length of plaintiff's delay" in filing a lawsuit is evidence of "unreasonable conduct." *Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *5 (N.D.

5

Case No. 3:25-cv-03647-JSC
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Cal. Nov. 2, 2016) (10-month delay unreasonable) (listing cases); *Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998) (78-day delay unreasonable); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 230 (N.D. Cal. 2019) (16-month delay for claims with three- or four-year statutes of limitations unreasonable); *Cty. of Los Angeles v. Cty. of Kern*, 59 Cal. 4th 618 (2014) (146-day delay unreasonable); *Musaelian v. Sonoma Cnty. Sheriff's Dep't*, No. C 07-00806 SI, 2007 WL 1864342, at *3 (N.D. Cal. June 28, 2007) (8-month delay unreasonable). "Prejudice from unreasonable delay is presumed." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Thus, to invoke the equitable tolling doctrine, a plaintiff must allege facts sufficient to establish that they filed (or refiled) the action with "reasonable promptness." *See Kolani*, 64 Cal. App. at 411 ("[T]he leading cases finding an equitable tolling have involved short intervals between dismissal and refiling."); *see also Hatfield v. Halifax PLC*, 564 F.3d 1177, 1186 (9th Cir. 2009) (noting plaintiff "filed the district court action on the day that tolling ceased"); *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 n.2 (2008) (noting that in *Addison v. State of California*, the Supreme Court "stress[ed] that the plaintiff filed his second claim a short time after tolling ended" (citing *Addison v. State of California*, 21 Cal. 3d 313, 321 (1978))).

This Court previously held that Plaintiff's allegations were insufficient as a matter of law to equitably toll the one-year statute of limitations applicable to his CIPA claims but provided him an opportunity to amend. Order at 11:20–22. Attempting to salvage his claims, Plaintiff added two cursory allegations referencing "discussions" between Plaintiff's counsel and Defendants' counsel that took place at some unspecified point in the five-month period between July 9, 2024, the date on which the Arbitrator issued his ruling, and the "end of 2024." *See* FAC ¶¶ 111, 113. These allegations fail to support Plaintiff's equitable tolling theory for at least two independent reasons.

**First**, the "discussions" that Plaintiff references in his pleadings and relies upon as grounds for applying equitable tolling contradict his strategically vague description of them.[2]

---

[2] The Court may consider the email thread reflecting the "discussions" Plaintiff references in the FAC under the incorporation-by-reference doctrine "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Contrary to what Plaintiff alleges, his counsel and Defendants' counsel did not "engage in" discussions "[b]etween July 9, 2024 and the end of 2024." *See* FAC ¶ 111. To the contrary, after the Arbitrator issued his ruling on July 9, 2024, Plaintiff's counsel did nothing with the case for nearly five and half months. *See* Krueger Decl. ¶¶ 4–6. The first time Plaintiff's counsel emailed Defendants' counsel about Plaintiff's case was on December 19, 2024, and only under the auspices of giving Defendants' counsel a "heads up" that Plaintiff intended to file his complaint "soon." *See* Ex. A to Krueger Decl.

That brief email exchange—which, from start to finish, spanned less than a 27-hour period—was hardly a discussion about a "potential resolution." Defendants' counsel opened the door for the parties to discuss a resolution, but Plaintiff's counsel promptly slammed it shut, making clear that he would be filing the lawsuit "before Jan 1 [sic]" and "likely on" the following Tuesday—which, coincidentally, fell on Christmas Eve. *Id.* Plaintiff's counsel made clear during that brief exchange that he believed the time for discussions about a potential resolution had passed "months and months and months ago." *Id.*

Nothing about the "discussions" Plaintiff references in his amended complaint supports an inference that he (or his counsel) acted reasonably and in good faith. The discussions account for just 2 of the 290 days that Plaintiff waited before filing his lawsuit after receiving permission from the Arbitrator to do so—the single thing Plaintiff previously claimed stood between him and filing this lawsuit. Nor do the discussions reflect "a good faith effort" by Plaintiff's counsel to "resolve this dispute." The email exchange reflects that Plaintiff's counsel was not interested in engaging in good faith discussions and was prepared to file the complaint on or before January 1, 2025. Despite those threats, Plaintiff delayed filing his lawsuit for another four months.

Because the "discussions" Plaintiff references in the FAC do not adequately justify his nearly ten-month delay in filing this complaint, the Court should (again) hold that he is not entitled

---

2003); *see also Promise Public Schools, Inc. v. San Jose Unified School Dist.*, Case No. 20-cv-08555-CRB, 2021 WL 916903 (N.D. Cal. Mar. 10, 2021) (incorporating by reference emails reflecting the parties' contract negotiations, which were referenced in the complaint and there was no dispute as to their authenticity); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 856 (2022) (incorporating by reference notifications Twitter sent to potentially affected users regarding unauthorized account access).

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

to invoke the doctrine of equitable tolling and dismiss his CIPA claims as untimely.

**Second**, even if the Court were to disregard the actual timing and nature of discussions referenced in Plaintiff's amended complaint, his allegations establish, at most, that his counsel engaged in discussions with Defendants' counsel through "**the end of 2024**." FAC ¶ 111 (emphasis added). Plaintiff does not allege that any additional discussions took place, or that any other circumstances occurred, between "the end of 2024" and when he filed this action in April 2025 that would warrant applying the equitable tolling doctrine beyond the time Plaintiff alleges the discussions stopped and certainly not for a completely unaccounted-for additional four-month period.

Moreover, contrary to what Plaintiff suggests, "[i]nformal negotiations or discussions . . . do not toll a statute of limitations under the equitable tolling doctrine." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416–17 (2013) (citing *65 Butterfield v. Chicago Title Ins. Co.* (1999) 70 Cal.App.4th 1047, 1063).

For either of these reasons, Plaintiff's amended allegations have failed to cure the defect that previously doomed his untimely CIPA claims, and the Court should reaffirm its dismissal of them as time-barred. Because Plaintiff has already had an opportunity to amend and demonstrated his inability to allege curative facts in good faith, the Court should dismiss Plaintiff's CIPA claims with prejudice.

## **CONCLUSION**

Plaintiff's allegations establish that his CIPA claims accrued on October 20, 2023, and expired a year later, on October 20, 2024. Plaintiff waited until April 25, 2025, to file his complaint—six months after the statute of limitations expired. Because Plaintiff has not and cannot amend his complaint to allege facts sufficient to warrant equitable tolling, the Court should dismiss his CIPA claims with prejudice.

DATED: February 12, 2026

BALLARD SPAHR LLP

/s/ J. Matthew Thornton
Brianna R. Howard
J. Matthew Thornton

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL,
INC. and RESTAURANT BRANDS
INTERNATIONAL US SERVICES LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2026, I electronically filed a true and correct copy of the foregoing through the Court's CM/ECF system, which will send a notice of electronic filing to the following:

**GUTRIDE SAFIER LLP**
Seth A. Safier
seth@gutridesafier.com
Marie A. McCrary
marie@gutridesafier.com
Todd M. Kennedy
todd@gutridesafier.com
Hayley A. Reynolds
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson
patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*/s/ J. Matthew Thornton*
J. Matthew Thornton