**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PEMBERTON, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTAURANT BRANDS INTERNATIONAL, INC. AND RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC,<br><br>Defendants. | Case No. 3:25-cv-03647-JCS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Jacqueline Scott Corley<br><br>Hearing Date: May 14, 2026<br>Hearing Time: 10 a.m.<br>Courtroom 8 |

**TABLE OF CONTENTS**

**I. INTRODUCTION** ........ 1

**II. FACTUAL BACKGROUND** ........ 2

**III. ARGUMENT** ........ 2

A. Plaintiff's CIPA Claims (Counts III and IV) Are Timely ........ 2

1. Plaintiff's Arbitration Provided Timely Notice of the Claim. ........ 3

2. RBI Has Not Suffered Prejudice. ........ 4

3. Plaintiff Acted Reasonably and in Good Faith in Pursuing the Arbitration ........ 4

B. The Nine Months Between the End of the Arbitration and the Filing of This Suit Has No Bearing on the Timeliness Question. ........ 6

**IV. CONCLUSION** ........ 9

## I. INTRODUCTION

In its order on Defendant's first motion to dismiss, this Court observed that 18 months passed between the discovery of Defendant's misconduct and the time Plaintiff filed this action, whereas the statute of limitations for CIPA claims is only 12 months. The Court concluded that the time from July 9, 2024 (the date of the arbitrator's decision) to April 25, 2025 (the date Plaintiff filed this action) could not be tolled because the complaint failed to allege reasonable conduct in the delay of filing the action, and concluded that Plaintiff's CIPA claims were therefore time barred. Defendant's motion also focuses solely on that 9-month period and whether it was reasonable. But respectfully, those nine months are completely irrelevant to whether Plaintiffs' claims are time-barred. Under black letter California law, Plaintiff's claims are timely regardless.

As the California Supreme Court has explained, "the effect of equitable tolling is that the limitations period *stops running during the tolling event*, and begins to run again only when the tolling event has concluded. As a consequence, the tolled interval, no matter when it took place, *is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred.*" *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370-71 (2003) (emphasis added). Here, the relevant tolling event is ***not*** the nine months after the arbitration, but the ***pendency of the arbitration itself***. As Plaintiff establishes below, it is indisputable that the statute of limitations was tolled during the entire pendency of that proceeding, and, accordingly, the "entire length of time" that the arbitration took is "tacked onto the end" of the one-year CIPA limitations period. Simple math therefore shows that the CIPA claim is timely: Plaintiff discovered his claims on October 20, 2023. Absent tolling, his CIPA claim would have run on October 20, 2024. However, Plaintiff filed an arbitration on November 13, 2023—24 days after discovering the basis for his claims. That proceeding concluded on July 9, 2024 taking a total of 239 days during which the CIPA statute of limitations was tolled. Those 239 days must be added to the end of the October 20, 2024 limitations period, and extend the date to June 15, 2025. Plaintiff filed suit on April 25, 2025, almost two months prior to the expiration of his tolled CIPA limitations period. Plaintiff's claim is therefore timely regardless of the nine months between the arbitration and filing suit. Defendant's motion should be denied.

## II. FACTUAL BACKGROUND

The relevant facts are a simple timeline and date calculation:

- October 20, 2023 (day Plaintiff discovered the misconduct) to November 13, 2023 (day Plaintiff filed his arbitration): 24 days
- November 13, 2023 to July 9, 2024 (day of Arbitrator's decision): 239 days, tolled
- July 9, 2024 to April 25, 2025 (day Plaintiff filed this action): 290 days
- Total non-tolled time: 314 days out of 365

## III. ARGUMENT

### A. Plaintiff's CIPA Claims (Counts III and IV) Are Timely.

RBI incorrectly argues that Plaintiff was required to file his lawsuit by October 20, 2024 to avoid CIPA's one-year statute of limitations, given his October 2023 discovery of RBI's misconduct. *See*, *e.g*., ECF 57 at 8. But, contrary to what RBI argues, the limitations period was equitably tolled during the pendency of the arbitration proceeding, and, thus, extended by an additional 239 days.

California law determines whether the limitations period for Plaintiff's CIPA claim was tolled. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (noting "we borrow our rules for equitable tolling of the period from the forum state, California" and that tolling rules are "liberally applied"); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1199 (9th Cir. 1988) (explaining "[w]here a district court applies or borrows a state statute of limitations, it is also required to apply the state's equitable exceptions," and thus "[t]he district court was required to consider and apply the California equitable tolling doctrine"). The doctrine is designed to preserve fairness and prevent "technical forfeitures" of a claim "when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 194 P.3d 1026, 1031 (Cal. 2008). Tolling applies when three elements are met: (1) plaintiff provides timely notice of the claim to defendant; (2) the defendant suffers no prejudice from the delay; and (3) the plaintiff's conduct during the tolled period was reasonable and in good faith. *Id* at 1033.

Equitable tolling is typically appropriate, where, as here, "an injured person has several legal remedies and, reasonably and in good faith, pursues one." *McDonald*, 194 P.3d at 1031. That encompasses circumstances "where administrative remedies must be exhausted before a second action

can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." *Id.* at 1032. Indeed, courts routinely hold that an arbitration proceeding tolls any relevant statute of limitations. *E.g.*, *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1137-38 (N.D. Cal. 2009) ("Even if completion of the arbitration were not deemed mandatory for purposes of automatic tolling under *McDonald*, the Court would still find tolling appropriate . . ."); *Harper v. Charter Communs.*, LLC, No. 2:19-cv-00902 WBS DMC, 2021 U.S. Dist. LEXIS 28747, at *15 (E.D. Cal. Feb. 12, 2021) (tolling statute of limitations period during pendency of an arbitration that addressed threshold issues); *see also In re Orchid Child Prods. LLC*, Nos. 2:20-bk-21080-RK, 2:21-ap-01212-RK, 2024 Bankr. LEXIS 962, at *9 (Bankr. C.D. Cal. Apr. 22, 2024) ("[E]quitable tolling may apply to arbitration proceedings" and collecting such cases). This is because "the filing of the first proceeding that gives rise to tolling" here, arbitration, "preserves the defendants' significant 'interest in being promptly appraised of the claims against them in order that they may gather and preserve evidence" while also "afford[ing] grievants the opportunity to pursue informal [out-of-court] remedies, a process we have repeatedly encouraged." *McDonald*, 194 P.3d at 1032.

Most critically, and as Defendant simply ignores, "the effect of equitable tolling is that *the limitations period stops running during the tolling event*, and begins to run again only when the tolling event has concluded. As a consequence*, the tolled interval, no matter when it took place, is tacked onto the end of the limitations period*, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370-71 (2003) (emphasis added). Here, that means that, so long as the arbitration proceeding meets the three elements required for tolling, the 239 days it took are "tacked onto" the end of Plaintiff's limitation period and his claim is timely.

**1. Plaintiff's Arbitration Provided Timely Notice of the Claim.**

Plaintiff provided timely notice of his claims. He filed his arbitration demand on November 13, 2023, a mere 24 days after discovering RBI's misconduct. The arbitration demand was detailed and specifically referenced Plaintiff's CIPA claim and the factual basis for it. ECF 11-1 ¶¶ 65–79. As the California Supreme Court explained in *McDonald*, courts "should liberally apply tolling rules or their functional equivalents to situations in which the plaintiff has satisfied the notification purpose

of a limitations statute" because that is the primary purpose of such limitations periods. 194 P.3d at 1033. Here, Plaintiff's arbitration demand was almost as detailed as his later court complaint.

### 2. RBI Has Not Suffered Prejudice.

Because RBI has been on notice of the need to investigate the claims and preserve evidence since November 13, 2023, RBI has not suffered any prejudice. "Under the second elements, courts' 'core focus' is whether application of equitable tolling would prevent the defendant from defending a claim on the merits." *Harper*, 2021 U.S. Dist. LEXIS 28747, at *14. As noted above, the arbitration put RBI on notice of the exact claims Plaintiff now pursues in this litigation so nothing has prevented it from defending itself against the claim. *See id*. ("Harper's claims in his demand for arbitration were the same as his claims filed in court . . . Harper indicated his intention to pursue his claims on behalf of a class, the court does not 'see how tolling [the] statute of limitations would undermine the [defendant's] ability to defend[.]'"); *see also Greist v. Lendus, LLC*, 2025 U.S. Dist. LEXIS 108374, at *22 (N.D. Cal. June 6, 2025) (defendant "has been aware of the scope and nature of these claims even prior to the initiation of the lawsuit")

RBI argues that "prejudice from unreasonable delay is presumed" (ECF 57 at 6) but RBI does not and cannot show that its ability to defend against the CIPA claims was prejudiced here given that it had full notice of the claims and of Plaintiff's intentions just *24 days* after Plaintiff discovered RBI's misconduct. Because the arbitrator concluded the issue of arbitrability should be decided in court, Defendant was on notice that the proceedings would continue and it would have to eventually face the merits of the claim. Indeed, the arbitration was not closed after the AAA issued its decision on arbitrability and Defendant paid to keep it open (ECF 51 ¶112), demonstrating RBI understood the need to preserve evidence and prepare its case for the merits.

### 3. Plaintiff Acted Reasonably and in Good Faith in Pursuing the Arbitration

As the California Supreme Court has made clear, when it comes to the reasonableness of pursuing a remedy in an alternate forum prior to filing suit, "equitable tolling may extend even to the *voluntary* pursuit of alternative remedies," in other words, filing first in an arbitral forum need not have been mandatory for tolling to apply. *McDonald*, 194 P.3d at 1032. This is because the

pursuit of that alternate remedy "whether mandated or not, affords a defendant notice of the claims against it so that it may gather and preserve evidence, and thereby satisfies the principal policy behind the statute of limitations." *Id*. at 1033. So the question is not, was plaintiff *required* to first file in arbitration, but whether the choice to do so was reasonable. Undoubtedly, it was.

As this Court has already acknowledged: "No law prohibits parties from separately agreeing to submit a dispute about the formation of an arbitration agreement to an arbitrator." ECF 40 at 9 (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("[P]arties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate.")). And here, seeking a threshold determination on the validity of that arbitration agreement from the arbitrator was thus reasonable. Even though Plaintiff believed the arbitration agreement to be invalid, had plaintiff filed first in court, his suit would have been subject to a motion to compel arbitration—however tenuous the arbitration agreement may have been. Had the Court granted that motion, it would have resulted in heading to arbitration on the question of the validity of the arbitration agreement in any event. Had the Court denied the motion, it would have resulted in an automatic right of appeal and stay of proceedings and, thus, further delay. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741-44 (2023) (explaining automatic stay pending automatic appeal of denial of motion to compel arbitration). So, ironically, despite RBI's repeated emphasis and complaints about delay, Plaintiff *reduced delay* in this case by filing the arbitration in the first instance and thus bypassing the motion to compel arbitration process that would have occurred had he first filed in court.

Because filing in arbitration first to address the threshold question of arbitrability was reasonable, and because the arbitration put Defendant on notice of the CIPA claim and its need to preserve evidence to defend against the claim, the entire pendency of the arbitration is tolled. That tolling extends the CIPA statute of limitations period until June 15, 2025, and thus Plaintiff's filing on April 25, 2025, was timely.

### B. The Nine Months Between the End of the Arbitration and the Filing of This Suit Has No Bearing on the Timeliness Question.

RBI's motion focuses exclusively on whether the nine-month delay between the end of the arbitration and the filing of this suit was reasonable. But, because plaintiff filed his arbitration so promptly—a mere 24 days after discovering the misconduct—and because the "limitations period stop[ped] running during" the 239 days of the arbitration, *Lantzy*, 31 Cal. 4th at 370, plaintiff still had a little over ***eleven months*** to file suit before the limitations period would run—with no further tolling required. Since he brought his claim within the properly calculated limitations period, it does not matter whether the "delay" between the first action and the second was "reasonable" any more than the question of why any plaintiff might wait until only two months before the expiration of a statute of limitations to file suit. The question of reasonableness applies only to a time period where the statute of limitations is being tolled, i.e., when it is not running, not to a period when it is running. Nevertheless, Plaintiff addresses why it was reasonable to do so.

First and foremost, this analysis applies if and ***only if*** the court were to determine for some reason that the arbitration ***did not*** toll the statute of limitations. If that were the case, equitable tolling could still apply, the question of Plaintiff's mistaken calculation of a June 15, 2025 limitations period would simply become part of the reasonableness consideration. *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 729 (2020) ("[Plaintiff's] mistake in calculating the filing deadline under section 11523 isn't necessarily fatal to its equitable tolling claim."). In that case, the question becomes whether the mistaken calculation was "objectively reasonable under the circumstances," and a court must determine "whether a party's late filing was subjectively in good faith—whether it was the result of an honest mistake or was instead motivated by a dishonest purpose." *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 729 (2020). Here, Plaintiff has established both.

After the arbitrator agreed that the Court should decide the arbitrability of Plaintiff's claims, Plaintiff again sought to reengage in settlement efforts. ECF 51 ¶ 111. Finding no success, Plaintiff then began to prepare his federal complaint and notified Defendant of his intent to file. Preparation of the federal complaint included additional investigation and drafting specific allegations regarding Defendant's placement of cookies and what those cookies did or did not do. *See*, *e.g.*, ECF 1 ¶¶ 46-

78. His calculation of the statute included the time before the filing of the arbitration (24 days) and the period after the decision from the arbitrator (290 days). Indeed, based on his calculations the statute would not have run until June 15, 2025. Thus, he prioritized the complaint and filing accordingly and practiced diligence in filing in April, well in advance of the SOL deadline. The decision to base the statute of limitations calculation on the tolling of the arbitration was made in good faith and if it were a mistake (a proposition with which plaintiff vehemently disagrees), it was an honest one. Defendant has shown no dishonest motive or purpose in waiting for those nine months. Moreover, as described above, Plaintiff calculated the statute of limitations assuming the time of the arbitration would be tolled. This assumption was consistent with existing precedent and is therefore objectively reasonable. *See McDonald*, at 104–105 (equitable tolling during time period the plaintiff sought relief through the defendant's internal grievance procedure); *see also Lantzy*, 31 Cal. 4th at 370-71 (2003).

Plaintiff's calculation of the statute of limitations to include to tolled arbitration time was also done in good faith. Plaintiff believed (and still maintains) that the time should have been tolled—Defendant was reasonably on notice of his claims, Plaintiff continued to communicate with Defendant regarding the claims during the nine months, and Defendant paid to keep the arbitration open should a court ultimately decide the claims were subject to arbitration. All of the purposes of the statutes of limitation have been satisfied, and applying it now would result in an unjust forfeiture of valid claims due to a technical "gotcha" argument, not due to true prejudice to the Defendant. This is precisely what equitable tolling is designed to prevent. *McDonald*, 194 P.3d at 1031 ("It is designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations—timely notice to the defendant of the plaintiff's claims—has been satisfied."). Only after this Court determined his claims were not subject to arbitration did the parties agree to close the arbitration. Thus, his conduct of calculating the statute of limitations and filing within what he believed to be the appropriate statute of limitations was done in good faith and there is no dishonest purpose.

Defendant suggests that the third element analyzing the reasonable and good faith conduct of plaintiff centers exclusively on the question of how long the plaintiff waited after the first action

before filing the second. While the inquiry of timing may be relevant in certain cases, it is not a bright line rule as Defendant suggests. Preliminarily, the question of good faith conduct is born from the application of equitable tolling in the circumstance present here: "[w]hen an injured person has several legal remedies and, *reasonably and in good faith,* pursues one." *Id.* As discussed above, Plaintiff's pursuit of arbitration in the first instance was reasonable and done in good faith. Courts have indeed found reasonable and good faith conduct where a plaintiff waited one year before filing the subsequent action in court. *See id*. at 1042 (upholding decision that claims were equitably tolled from October 2001 to May 2003, where plaintiff received right-to-sue letter in administrative proceedings on October 24, 2002 and filed suit in superior court on year later on October 24, 2003); *see also S.F. Unified Sch. Dist. v. W.R. Grace & Co*., 37 Cal. App. 4th 1318, 1341 (1995) (tolling period of time plaintiff participated in class action and finding good faith where plaintiff waited 7 months to file subsequent action).

Most, if not all, of the cases cited by Defendant involve delay following delay. For example, in *Yetter v. Ford*, Plaintiff purchased a vehicle in 2008, and Plaintiff's allegations admitted that he could have known about his claims in 2012, but waited until 2019 to file his case. He argued that a class action in which he was not a named plaintiff equitably tolled his claims, but the court rejected the argument in part because he waited another 16 months after the prior class action was dismissed before he filed his complaint. Thus, it was not just the 16 months that followed the dismissal that resulted in the court concluding the delay was unreasonable, but also the seven years that had elapsed between his claims accruing and filing the action. Here, Plaintiff did not wait seven years to pursue his claims, and is not pursuing claims based on a purchase from eleven years ago, as was the case in *Yetter*. Instead, he pursued his claims within 24 days of discovering the basis for his claims and relied on the tolling that occurred during his own underlying action. *See also Hatfield v. Halifax PLC*, 564 F.3d 1177, 1186 (9th Cir. 2009) (timing of filing second action important because first action was filed on last day of a six year statute of limitations).

In *Kolani v. Gluska*, which predates *Lantzy*, Plaintiff did not file his first action until two years after his claims accrued. There, the California court of appeals applied 28 U.S.C. § 1367, which does not apply here, to hold that "what conduct is 'reasonable' under the 'equitable tolling' doctrine

must be assessed in light of the existence of the 30-day 'grace period' in 28 United States Code section 1367(d)." *Kolani v. Gluska*, 64 Cal. App. 4th 402, 411 (1998). The court explicitly held that "[t]his part of subdivision (d) substitutes a bright-line rule in place of the case-by-case analysis of 'reasonableness' found in the equitable tolling cases." *Id.* at 409-10. Here, there is no application of a bright-line rule that would require a second action be filed within 30 days. Instead, applying *Lantzy*, the time during the arbitration tolled the statute of limitations and Plaintiff filed within the one year of non-tolled time after promptly putting Defendant on notice within 24 days of his claim accruing.

In sum, the limitations periods for Plaintiff's claims were tolled for at least 239 days—from November 13, 2023 to July 9, 2024, i.e., the pendency of the arbitration. Tolling 239 days between October 20, 2023 (the date Plaintiff's claims accrued) and April 25, 2025 (the date Plaintiff filed this action), results in a passage of 314 days, i.e., less than the 365 days statute of limitation. Thus, Plaintiff's CIPA claims are timely. If the Court disagrees that the arbitration meets the standard for tolling, plaintiff's mistake in calculating the deadline was still objectively and subjectively reasonable, and thus, tolling should still apply to the nine months between the conclusion of the arbitration and the filing of this suit.

## IV. CONCLUSION

For the foregoing reasons, RBI's motion to dismiss must be denied.

Dated: February 26, 2026

**GUTRIDE SAFIER LLP**

*<u>/s/Hayley Reynolds</u>*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*