**BALLARD SPAHR LLP**
Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton (*pro hac vice*)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 24.204.4400

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL PEMBERTON, individually and on behalf of others similarly situated,

Plaintiff,

v.

RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES, LLC,

Defendants.

Case No. 3:25-cv-03647-JSC

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

**Hearing:**

| | |
|---|---|
| Judge: | Hon. Jacqueline Scott Corley |
| Dept: | Courtroom 8—19th Floor |
| Date: | May 14, 2026 |
| Time: | 10:00 a.m. |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

## I. PRELIMINARY STATEMENT

Plaintiff's second attempt to plead viable CIPA claims fares no better than his first. This Court previously dismissed Plaintiff's CIPA claims because he failed to "allege facts that plausibly support an inference of good faith and reasonable conduct in waiting nine and half months after the arbitrator's decision to file this complaint[.]" ECF 46 (hereinafter, "Order") at 10–11. Attempting to bridge the gap, Plaintiff filed an amended complaint with two vague allegations about communications his counsel purportedly had with Defendants' counsel regarding a "potential resolution" of his claims. As set forth in Defendants' Motion, these skeletal allegations do not—and cannot—establish objective reasonableness. Because Plaintiff has failed to cure the fatal deficiency identified by the Court, his CIPA claims must be dismissed.

In his Opposition, Plaintiff does not dispute that he bears the burden of pleading facts sufficient to satisfy the equitable tolling doctrine's "objective reasonableness" requirement. Nor does Plaintiff dispute either that the Court can consider the December 2024 email exchange attached to Defendants' Motion under the incorporation-by-reference doctrine, or that the email exchange directly contradicts his characterization of "discussions" referenced in Paragraphs 111 and 113 of his Amended Complaint. Instead, Plaintiff attacks this Court's legal rationale for dismissing his CIPA claims in the first instance, arguing that his nine-and-a-half-month filing delay is "completely irrelevant to whether Plaintiffs' [sic] claims are time-barred" and that he filed his complaint "almost two months" earlier than required. Opp. at 1.

Plaintiff's arguments fail for two independent reasons.

First, Plaintiff's attempt to relitigate the Court's prior ruling is procedurally improper. Plaintiff did not move for reconsideration of this Court's Order within the time allowed, and he has not identified any new facts or intervening changes in law that would warrant reconsideration. *See* Civil Local Rule 7-9(b). Having foregone reconsideration, Plaintiff cannot use his Opposition brief as a vehicle to collaterally attack the Court's ruling.

Second, and more fundamentally, Plaintiff fails to identify any well-pleaded allegations that justify his decision to delay filing suit for more than nine and a half months after the Arbitrator issued a ruling. Plaintiff argues (for the second time) that initiating arbitration was reasonable

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

because he believed it would "reduce" delay. But the Court already considered—and rejected—this argument, and it fails again here for similar reasons. To start, Plaintiff's argument relies on unsworn attorney argument, not allegations in his Amended Complaint. However, even if Plaintiff had alleged such facts, his argument would still fail because his purported concern for expediency is flatly inconsistent with—and wholly undermined by—the undisputed fact that he waited nearly ten months after the Arbitrator's decision to file suit without any objectively reasonable basis for such delay.

For these reasons, and those set forth more fully in Defendants' Motion, the Court should dismiss Plaintiff's CIPA claims with prejudice.

## II. <u>ARGUMENT</u>

### A. The December 2024 Email Exchange Incorporated By Reference in Plaintiff's Allegations Directly Contradicts His Characterization of The Exchange

Plaintiff's sole justification for waiting nine-and-a-half months to file his lawsuit stems from discussions his counsel allegedly engaged in through "the end of 2024" regarding a "potential resolution" of Plaintiff's claims. FAC ¶¶ 111, 113; *see also* Opp. at 6:24–26. Despite the importance of these discussions to his equitable tolling argument, Plaintiff alleged no details whatsoever about their content or timing—an omission that is now revealing.

Defendants identified this gap and attached to their Motion a copy of the only "discussions" between the Parties' counsel between June 9, 2024, and "the end of 2024." *See* Krueger Decl., Ex. A. The entirety of those discussions is reflected in four short email messages, exchanged over less than 27 hours, in late December 2024. *Id.*

Critically, Plaintiff does not dispute that his allegations refer to this email exchange, that the emails are authentic, or that the Court may consider them in ruling on Defendants' Motion. *See* Mot. at 6–7 n.2 (citing, e.g., *Promise Pub. Schs., Inc. v. San Jose Unified Sch. Dist.*, No. 20-CV-08555-CRB, 2021 WL 916903, at *5 n.5 (N.D. Cal. Mar. 10, 2021); *Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1150 (N.D. Cal. 2023)). This concession is fatal to Plaintiff's position, because the emails contradict his allegations in at least three material respects.

First, Plaintiff alleges that "[b]etween July 9, 2024 and the end of 2024, counsel for Plaintiff

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

and counsel for Defendants engaged in discussions regarding a potential resolution of Plaintiff Pemberton's claims." FAC ¶ 111. The emails tell a different story. They reflect that Plaintiff's counsel did not contact Defendants' counsel about Plaintiff's case until December 19, 2024—163 days after the Arbitrator's ruling. Contrary to what Plaintiff misleadingly suggests in his First Amended Complaint, these purported "discussions" did not span months or even weeks; they lasted less than 27 hours.

Second, contrary to what Plaintiff suggests, the email exchange is hardly indicative of "good faith efforts between counsel to resolve this dispute." FAC ¶ 113; *see also* Opp. at 6 (misleadingly claiming that **Plaintiff** "sought to reengage in settlement efforts" after the Arbitrator issued his ruling). To the contrary, Plaintiff's counsel rejected Defendants' counsel's offer to discuss a potential resolution and stated bluntly that, from his perspective, "the time to talk was months and months and months ago." Krueger Decl., Ex. A. This is not the language of someone who has decided to put off filing a complaint to pursue a potential resolution in good faith.

Third, the email exchange undermines Plaintiff's contention that he "began to prepare his complaint" only after the Parties' discussions concluded in late 2024. *See* Opp. at 6. According to Plaintiff's own counsel, the complaint was ready to file "as early as December 24, 2024, and no later than January 1, 2025." Krueger Decl., Ex. A. Plaintiff offers no explanation for why he waited until April 25, 2025—another 115 days—to file. There is none.

In sum, the communications Plaintiff incorporated by reference in his Amended complaint account for, at most, 2 of the 290 days that elapsed between the Arbitrator's decision and the filing of this lawsuit. Plaintiff does not meaningfully refute this in his Opposition. Without any objectively reasonable justification for this delay, Plaintiff has again failed to allege facts sufficient to invoke equitable tolling.

### B. Plaintiff's Opposition Is a Procedurally Improper Attempt to Relitigate This Court's Prior Ruling

Plaintiff acknowledges, as he must, that this Court previously "concluded that the time from July 9, 2024 (the date of the arbitrator's decision) to April 25, 2025 (the date Plaintiff filed this action) could not be tolled because the complaint failed to allege reasonable conduct in the delay of

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

filing the action," and that his CIPA claims "were therefore time barred." Opp. at 1. He further acknowledges that Defendants' Motion "focuse[d] solely on that 9-month period and whether it was reasonable." *Id.* Yet Plaintiff devotes most of his Opposition to arguing that "those nine months are **completely irrelevant**." *Id.* (emphasis added). This argument is both procedurally improper and substantively wrong.

Procedurally, Plaintiff is effectively asking the Court to reconsider its prior ruling on this very issue, which is improper. Plaintiff could have moved for reconsideration of this Court's Order but chose not to. Not only that, but Plaintiff has not even identified any intervening change in law or newly discovered evidence that would warrant revisiting the Court's analysis had he timely sought reconsideration. *See* Civil Local Rule 7-9(b). An opposition brief is not a substitute for a timely-filed reconsideration motion.[1] *See, e.g.*, *Groupion, LLC v. Groupon, Inc.*, 859 F. Supp. 2d 1067, 1083 n.8 (N.D. Cal. 2012) (denying request for reconsideration presented in opposition brief as procedurally improper).

Substantively, Plaintiff's tolling argument fares no better. He claims it is "indisputable" that the limitations period was tolled for the entire duration of the arbitration proceeding and that the Court must therefore extend CIPA's one-year limitations period by that entire period. Opp. at 1. The premise of Plaintiff's argument is hardly "indisputable." Plaintiff previously raised this same argument, and the Court implicitly rejected it. *See* Pl's July 8, 2025 Opp. to Mot. to Dismiss, ECF 26 at 10 (arguing "the limitations period was equitably tolled by the arbitration proceeding"); Order at 9–11 (holding that Plaintiff's CIPA claims are untimely notwithstanding duration of arbitration). Plaintiff offers no reason for the Court to reach a different conclusion now.

Nor has Plaintiff alleged facts sufficient to support his contention that he initiated arbitration to "reduce delay" that might have resulted from filing in court.[2] *See* Opp. at 5; *see also* Sept. 4,

[1] Because it is procedurally improper for Plaintiff to collaterally attack this Court's reliance on cases like *Yetter* and *Kolani*, Defendants do not re-address those arguments here. Defendants simply note that the Court also relied upon *Darnaa* and *Musaelian* in its Order—which are notably absent from Plaintiff's Opposition and independently support the Court's legal reasoning.

[2] Plaintiff goes as far as to argue that he, in fact, "*reduced delay* in this case by filing the arbitration in the first instance and thus bypassing the motion to compel arbitration process that would have occurred had he first filed in court." Opp. at 5 (emphasis in original). Not so. Plaintiff

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400

2025 Hearing Tr., ECF 43 at 15:8-11 (arguing that "[Plaintiff] believed the AAA would be more efficient. And once the AAA makes a decision regarding arbitrability, we come back here and we get on with the case . . ."). To the contrary, Plaintiff's allegations undermine his delay-reduction justification. They establish that despite waiting 239 days for the Arbitrator to issue a decision—itself a significant period for someone supposedly seeking expediency—Plaintiff waited an additional 290 days before filing this action for reasons that, despite being given the opportunity, he still has not adequately articulated. Because Plaintiff's allegations fail to establish any objectively reasonable basis for his nearly ten-month delay, he cannot be entitled to the benefit of equitable tolling and his CIPA claims are untimely.

## III. <u>CONCLUSION</u>

Plaintiff's professed desire to "reduce delay" by initiating arbitration first, rather than filing his claims in court, is belied by his own sustained inaction. After waiting 239 days for an arbitrator's decision, Plaintiff did not move with the required diligence; instead, he sat on his claims for another 290 days.

This Court already ruled that the viability of Plaintiff's CIPA claims hinges on his ability to make a plausible showing of objective reasonableness—a burden Plaintiff has again failed to meet. The "discussions" referenced his references the Amended Complaint are a fiction of diligence. In reality, 163 days passed following the Arbitrator's ruling during which Plaintiff did nothing. When Plaintiff's counsel finally contacted Defendants' counsel in late December 2024, it was not to explore a potential resolution; it was to inform Defendants' counsel that Plaintiff was ready to file as early as Christmas Eve absent complete capitulation to Plaintiff's demands. Despite those discussions lasting less than two days, Plaintiff inexplicably waited another 114 days to take action.

Ultimately, Plaintiff's amended allegations do nothing to bridge the nine-and-a-half-month

---

filed the case on April 25, 2025. Defendants filed a motion to compel arbitration, and by September 9, 2025, this Court had already issued its ruling—just 137 days later. Defendants acknowledge that this is not a perfect measure of what might have happened had Plaintiff filed in court rather than instituting arbitration. Their point is merely that Plaintiff is also not in a position to credibly argue that his decision to arbitrate actually reduced delay in this case.

gap this Court previously identified as fatal to his CIPA claims. Because Plaintiff has again demonstrated an inability to plead facts establishing good faith or objective reasonableness, further amendment would be futile. The Court should reaffirm its prior ruling and dismiss Plaintiff's CIPA claims with prejudice.

Respectfully submitted,

DATED: March 5, 2026

**BALLARD SPAHR LLP**

BY: */s/ J. Matthew Thornton*
J. Matthew Thornton
Brianna R. Howard

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915
Telephone: 424.204.4400