UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PEMBERTON, | Case No.  25-cv-03647-JSC |
| Plaintiff, | |
| v. | **ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT** |
| RESTAURANT BRANDS INTERNATIONAL, INC., et al., | Re: Dkt. No. 57 |
| Defendants. | |

Plaintiff seeks to represent a class of people who browsed the Burger King website in California "after opting out of the sale/sharing of their personal information in the cookies consent preferences window."  (Dkt. No. 51 ¶ 114.)[1]  He alleges Defendants, who own and operate the Burger King website, violated his privacy because after he "opt[ed] out of the sale/sharing of [his] personal information and opt[ed] out of all cookies, except those that were strictly necessary, including targeting cookies and performance cookies, Defendants nonetheless continued to cause [] Third Parties' cookies to be placed on users' devices and/or transmitted to [] Third Parties along with user data."  (*Id.* ¶ 44.)[2]  The Court granted in part Defendants' motion to dismiss Plaintiff's original complaint; specifically, the Court dismissed Plaintiff's California Invasion of Privacy Act ("CIPA") and trespass to chattels claims with leave to amend.  (Dkt. No. 46.)

Defendants now move to dismiss the CIPA claims in Plaintiff's amended complaint.  (Dkt. No. 57.)  Having carefully considered the parties' submissions, the Court concludes oral argument

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Plaintiff defines "Third Parties" as including "Google LLC (DoubleClick and Google Analytics), Meta Platforms, Inc. (Facebook), Microsoft Corporation (Microsoft Clarity), Snap Inc. (SnapChat), The Trade Desk, Inc., and AdTheorent, Inc."  (Dkt. No. 51 ¶ 3.)

is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the May 19, 2026 hearing, and GRANTS Defendants' motion to dismiss Plaintiff's CIPA claims.  Because Plaintiff does not plausibly allege his nearly ten-month delay between the arbitrator's ruling and his filing the instant complaint was reasonable and in good faith, he has not plausibly alleged equitable tolling applies to his time-barred CIPA claims.

## BACKGROUND

### I.    RELEVANT AMENDED COMPLAINT ALLEGATIONS

"On or around March 2023, Plaintiff visited the Website to browse information about Burger King products and locations."  (Dkt. No. 51 ¶ 96.)  The Website "immediately . . . presented him with Defendants' popup cookie consent banner," and "Plaintiff specifically rejected, based on Defendants' representations, those cookies [which] cause the disclosure of user data to third-party social media, advertising, and analytics companies for the purposes of providing personalized content, advertising, and analytics services."  (*Id.* ¶¶ 98, 100.)

On October 20, 2023, Plaintiff "learned of Defendants' privacy violations from his counsel."  (*Id.* ¶ 105.)  Around November 2023, Plaintiff's counsel notified Defendants of Plaintiff's allegations, and "Defendants asserted that Plaintiff's claims were subject to arbitration by virtue of the Website's 'Terms of Service.'"  (*Id.* ¶¶ 106, 107.)  "Accordingly, on or about November 13, 2023, Plaintiff timely filed an arbitration demand against Defendants" and alleged "he did not assent to the Website's Terms of Service, [] the purported arbitration provision was unenforceable against him," and he was "entitled to pursue these claims in court."  (*Id.* ¶¶ 108, 109.)  On July 9, 2024, the arbitrator "ruled the court, not the arbitrator, must decide whether an arbitration agreement was formed between the parties" and placed the arbitration proceeding on holding pending a court's decision.  (*Id.* ¶ 110.)

Between July 9, 2024 and the end of 2024, counsel "engaged in discussions regarding a potential resolution of Plaintiff Pemberton's claims";  Plaintiff's counsel "then evaluated whether to resolve the matter or whether and how best to proceed in court given the Arbitrator's ruling."  (*Id.* ¶ 111.)  Neither Plaintiff nor his counsel ever informed Defendants Plaintiff "did not intend to continue pursuing his claims against Defendants," and "Defendants at all times understood that

Plaintiff [] would continue to pursue his claims in court if the matter did not otherwise resolve." (*Id.*)  Throughout this time, "the arbitration remained in abeyance." (*Id.* ¶ 112.)  Because an arbitration proceeding on "substantially similar" claims "remained open pending a decision from this Court on the arbitrability of Plaintiff's claims," Defendants "had notice of [Plaintiff's] claims (and his intent to pursue them in court)," and "Defendants were not prejudiced in their ability to gather or maintain evidence for Plaintiff's claims." (*Id.* ¶ 113.)  "Plaintiff [therefore] acted in good faith and engaged in reasonable conduct in filing his Complaint in this action while his claims in the arbitration are placed on administrative hold." (*Id.*)

## II.   PROCEDURAL HISTORY

On April 25, 2025, Plaintiff, on behalf of a putative California class, filed a complaint including claims for (1) invasion of privacy; (2) intrusion upon seclusion; (3) wiretapping in violation of CIPA, Cal. Penal Code § 631; (4) use of a pen register in violation of CIPA, Cal. Penal Code § 638.51; (5) common law fraud, deceit, and/or misrepresentation; (6) unjust enrichment; and (7) trespass to chattels.  (Dkt. No. 1.)  Defendants moved to compel arbitration, or in the alternative, to dismiss Plaintiff's claims.  (Dkt. Nos. 11, 12.)  The Court denied Defendants' motion to compel arbitration.  (Dkt. No. 40.)  The Court then granted Defendants' motion to dismiss Plaintiff's CIPA claims as time barred and his trespass to chattels claim because he had not adequately alleged damages; the Court otherwise denied Defendants' motion to dismiss.  (Dkt. No. 46.)  Plaintiff then filed an amended complaint alleging (1) invasion of privacy, (2) intrusion upon seclusion, (3) wiretapping in violation of CIPA, (4) use of a pen register in violation of CIPA, (5) common law fraud, deceit and/or misrepresentation, and (6) unjust enrichment.  (Dkt. No. 51.)  Defendants now move to dismiss Plaintiffs' amended CIPA claims as time barred.  (Dkt. No. 57.)

## DISCUSSION

## I.   INCORPORATION BY REFERENCE

When ruling on a motion to dismiss, a court may consider "documents incorporated by reference in the complaint." *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, "'it is improper to [incorporate documents by reference] only to resolve factual disputes

3

against the plaintiff's well-pled allegations in the complaint.'" *Mosher-Clark v. Gravity Defyer Med. Tech. Corp.*, 691 F. Supp. 3d 1113, 1120 n.2 (N.D. Cal. 2023) (quoting *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 1014 (9th Cir. 2018)).

Defendants ask the Court to incorporate by reference (1) their attorney's declaration he knew of only one communication between defense counsel and Plaintiff's counsel between July 9, 2024 and April 25, 2025, (Dkt. No. 57-1), and (2) that communication: a December 2024 email chain between Plaintiff's counsel and Defendants' counsel stating Plaintiff planned to file a complaint by January 1, 2025, (Dkt. No. 57-2). Defendants argue the declaration and email should be incorporated by reference because "[c]ontrary to what Plaintiff alleges, his counsel and Defendants' counsel did not 'engage in' discussions '[b]etween July 9, 2024 and the end of 2024.'" (Dkt. No. 57 at 10 (quoting Dkt. No. 51 ¶ 111).) Defendants therefore request incorporation by reference "only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint." *See Khoja*, 8999 F.3d at 1014. So, the Court denies Defendants' request.

## II.    MOTION TO DISMISS CIPA CLAIMS

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). CIPA has a one-year statute of limitations. *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (citing *Ion Equip. Corp. v. Nelson*, 110 Cal. App. 3d 868, 880 (1980)). Plaintiff alleges the delayed discovery rule applies because he visited Defendants' website in March 2023 but did not learn of Defendants' alleged conduct until around October 20, 2023. (Dkt. No. 51 ¶¶ 96, 105.) Assuming the discovery rule applies, the statute of limitations expired around October 20, 2024—one year after he learned of his claim. But Plaintiff did not file his initial complaint until April 25, 2025: more than 18 months after he learned of Defendants' alleged conduct, and more than six months after the statute of limitations expired. So, from the face of Plaintiff's amended complaint, it is apparent CIPA's statute of limitations bars Plaintiff's claims.

United States District Court
Northern District of California

However, Plaintiff alleges his claims "were equitably tolled by the filing of the arbitration proceeding." (Dkt. No. 51 ¶ 113.)  Courts reviewing CIPA claims apply California's "liberally applied" equitable tolling doctrine. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quotation marks and citation omitted).  "Broadly speaking, the doctrine applies [w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one:" for example, "where a first action, embarked upon in good faith, is found to be defective for some reason." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100 (2008) (cleaned up).  "Where applicable, the doctrine will suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.* at 99 (quotation marks and citation omitted).

"Where a claim is time-barred on its face, the plaintiff must specifically plead facts that would support equitable tolling." *See Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (2019), *as modified* (Apr. 8, 2019) (citations omitted).  So although "California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation," courts have decided equitable tolling at the motion to dismiss stage when "some fact, evident from the face of the complaint, supported the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue." *See Cervantes*, 5 F.3d at 1276 (citations omitted).

A plaintiff seeking to invoke California's equitable tolling doctrine must demonstrate: (1) "timely notice", (2) "lack of prejudice to the defendant," and (3) "reasonable and good faith conduct on the part of the plaintiff." *See Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 9 Cal. 5th 710, 724 (2020) (cleaned up).  To be reasonable and in good faith, "[a] plaintiff's conduct must be objectively reasonable and subjectively in good faith." *Id.* at 729.  Although this "third prerequisite of good faith and reasonable conduct on the part of the plaintiff is less clearly defined in the cases[,] [] in *Addison v. State of California*, . . . the [California] Supreme Court did stress that the plaintiff filed his second claim a short time after tolling ended." *McDonald*, 45 Cal. 4th at 102 n.2 (citing *Addison v. State of California*, 21 Cal. 3d 313, 321 (1978)).  So, a "plaintiff's reasonable promptness in refiling is necessary for relief under [the equitable tolling] doctrine." *See Kolani v. Gluska*, 64 Cal. App. 4th 402, 410 (1998).  And "the leading cases finding an

United States District Court
Northern District of California

equitable tolling have involved short intervals between dismissal and refiling." *Id.* at 409; *see also Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009) (finding reasonable and good faith conduct because the plaintiff "timely filed the district court action on the same day" the state court dismissed her case); *Tarkington v. Cal. Unemployment Ins. Appeals Bd.*, 172 Cal. App. 4th 1494, 1507-08 (2009) (finding second petition filed 13 days after denial of reconsideration motion in first case was sufficiently "prompt"); *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1102 (1997) (finding reasonable and good faith conduct because the plaintiff filed instant action "within three months" of administrative decision); *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 41 (1989) (second complaint filed "immediately following" voluntary dismissal in federal court).

When deciding Defendants' motion to dismiss Plaintiff's initial complaint, the Court first found "Defendants ha[d] [] established that from the face of the complaint, it is apparent the CIPA claim is time-barred." (Dkt. No. 46 at 10.) The Court then held Plaintiff was "not entitled to equitable tolling because no complaint allegations support an inference of reasonable and good faith conduct in waiting nine and a half months—from July 9, 2024, when the arbitrator ruled a court needed to determine whether an arbitration agreement existed, until April 25, 2025—to file his complaint in this Court. (*Id.*) Specifically, "[a]bsent further explanation from Plaintiff, his nearly ten-month delay in filing this complaint was unreasonable and defeat[ed] application of equitable tolling." (*Id.* at 11 (citing *Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *5 (N.D. Cal. Nov. 2, 2016) (citing cases and finding ten-month delay suggested unreasonable conduct); *Kolani*, 64 Cal. App. 4th at 410 (finding 78-day delay in refiling unreasonable); *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 230 (N.D. Cal. 2019) (citing cases and finding 16-month delay for claims with three- or four-year statutes of limitations unreasonable).) So, the Court dismissed Plaintiff's CIPA claims "with leave to amend to the extent he can allege facts justifying his delay in filing the complaint." (*Id.*)

Plaintiff's amended complaint adds allegations "[b]etween July 9, 2024 and the end of 2024, counsel for Plaintiff and counsel for Defendants engaged in discussions regarding a potential resolution of Plaintiff Pemberton's claims." (Dkt. No. 51 ¶ 111.) "Counsel for Plaintiff

United States District Court
Northern District of California

then evaluated whether to resolve the matter or whether and how to best proceed in court given the Arbitrator's ruling." (*Id.*)  But Plaintiff's allegations he engaged in potential settlement discussions from July 9, 2024 through December 31, 2024, before evaluating how to proceed from January 31, 2025 through April 25, 2025, do not plausibly support an inference of good faith and reasonable conduct.

Settlement discussions do not justify Plaintiff's delay.  California courts "appl[y] equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 370 (2003), *as modified* (Aug. 27, 2003).  So, a court may, for example, invoke equitable tolling "to ensure fundamental practicality and fairness" when "a first action, embarked upon in good faith, is found to be defective for some reason." *McDonald*, 45 Cal. 4th at 99-100 (cleaned up).  But equitable tolling "generally requires" the plaintiff to show he "is seeking an alternate remedy in an established procedural context." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013) (citations omitted).  Therefore, absent "a formal legal action or established procedural context," a plaintiff is not entitled to tolling.  *See Rankins v. United Parcel Serv., Inc.*, No. 3:23-CV-05785-JSC, 2024 WL 1707245, at *4 (N.D. Cal. Apr. 19, 2024) (citing *Acuna*, 217 Cal. App. 4th at 1416).  And "merely engaging in informal negotiations" is not the type of formal legal action or established procedural context which justifies equitable tolling.  *See 65 Butterfield v. Chicago Title Ins. Co.*, 70 Cal. App. 4th 1047, 1063 (1999); *see also Acuna*, 217 Cal. App. 4th at 1416 ("Informal negotiations or discussions between an employer and employee do not toll a statute of limitations under the equitable tolling doctrine.").

Once the arbitrator informed Plaintiff his case would be placed on hold until a court determined whether an arbitration agreement existed, Plaintiff knew his claims could not proceed without his filing a complaint in court.  (Dkt. No. 51 ¶ 110.)  Especially given Plaintiff consistently represented his intent to "pursue his claims in court," (*id.* ¶¶ 109, 111), his choice to delay doing so to pursue settlement discussions was not reasonable or in good faith.  *See Gonzalez-Reyes v. U.S. Bank Nat'l Ass'n as Tr. for the Securitized Tr.*, No. CV-140233-FMO (JEMx), 2015 WL 12644570, at *5 (C.D. Cal. Feb. 17, 2015) (citing *Wilson v. Gordon & Wong*

*Law Group, P.C.*, No. 2:13-CV-00609-MCE-KJN, 2013 WL 6858975, *6 (E.D. Cal. Dec. 24, 2013) ("[C]ourts are hesitant to apply equitable tolling in situations in which the plaintiff has the information necessary for the filing of a claim and does not do so as a result of ongoing negotiations with the defendant.")).  Furthermore, to the extent Plaintiff wished to discuss settlement, he could have filed a federal complaint while pursuing those discussions.  *Cf. Kolani*, 64 Cal. App. 4th at 410 (finding appellants' argument "they were considering an appeal from the federal suit does not demonstrate reasonableness" because "they could have filed a 'protective' state court complaint" while deciding whether to appeal).  So, settlement discussions are not a good faith reason for Plaintiff's delay in filing the instant lawsuit.

Plaintiff also explains he waited to initiate this lawsuit until April 2025 while his counsel "evaluated whether to resolve the matter or whether and how best to proceed in court given the Arbitrator's ruling."  (Dkt. No. 51 ¶ 111.)  But Plaintiff alleges no facts supporting a reasonable inference evaluating the Arbitrator's ruling required nine-and-a-half months, especially when he "at all times" represented he "would continue to pursue his claims in court," and his claims in arbitration and in this complaint are "substantially similar."  (*Id.* ¶¶ 111, 113.)  *See Kolani*, 64 Cal. App. 4th at 410 (finding the plaintiff did not act reasonably and in good faith when delaying 78 days to prepare "state claims . . . repeated verbatim from the federal complaint"); *see also Bonifield v. Cnty. of Nevada*, 94 Cal. App. 4th 298, 306 (2001) (finding the plaintiffs had not alleged "reasonable conduct on their part" where they "waited 146 days after dismissal of their federal action, knowing all along that they intended to file the action again in state court"), *disapproved of on other grounds by City of Los Angeles v. Cnty. of Kern*, 59 Cal. 4th 618 (2014).  Plaintiff's long delay is especially unreasonable because Plaintiff had known of his claims since October 20, 2023.  (Dkt. No. 51 ¶ 105.)  *See Ervin v. Los Angeles Cnty.*, 848 F.2d 1018, 1020 (9th Cir. 1988) (refusing to apply equitable tolling when the appellant had possessed facts supporting her case "for perhaps as much as a year and a half prior to her filing the instant action in federal district court").  So, Plaintiff does not plausibly allege facts supporting an inference delaying nearly ten months after the arbitrator's ruling constituted good faith and reasonable conduct. Plaintiff therefore fails to plausibly allege entitlement to equitable tolling on his CIPA claims.

8

United States District Court
Northern District of California

Plaintiff's argument the "reasonable and good faith conduct" element requires only that "the plaintiff's conduct *during the tolled period* was reasonable and in good faith" is unavailing. (Dkt. No. 58 at 4 (emphasis added) (citing *McDonald*, 45 Cal. 4th at 102).)  As an initial matter, Plaintiff inserts language absent from *McDonald v. Antelope Valley Community College District*, 45 Cal. 4th 88 (2008).  *See id.* at 102 (as third prong, requiring "reasonable and good faith conduct on the part of the plaintiff").  And, contrary to Plaintiff's assertion, the *McDonald* court did not find "reasonable and good faith conduct where a plaintiff waited one year before filing the subsequent action in court."  (Dkt. No. 58 at 10 (citing *McDonald*, 45 Cal. 4th at 114).)  Instead, the *McDonald* court held "voluntary abandonment does not categorically bar application of equitable tolling" if "a plaintiff can [still] satisfy the three criteria for equitable tolling," and remanded the case for the lower court to decide "application of equitable tolling principles to the specific factual record."  *McDonald*, 45 Cal. 4th at 111, 114.

Furthermore, Plaintiff relies on several cases which do not support his argument because they explicitly considered the timeliness of the plaintiff's filing the second action before finding reasonable and good faith conduct.  *See, e.g.*, *Fanucci v. Allstate Ins. Co.*, 638 F. Supp. 2d 1125, 1139 (N.D. Cal. 2009) (finding the third factor satisfied because "she initiated the instant lawsuit less than three months after the state appellate court decision") (quoting *Structural Steel Fabricators v. City of Orange*, 40 Cal. App. 4th 459, 465 (1995) (stating that a "long delay 'even after crediting the tolled period . . . might be considered unreasonable'")); *Harper v. Charter Commc'ns, LLC*, No. 2:19-CV-00902 WBS DMC, 2021 WL 603724, at *5 (E.D. Cal. Feb. 16, 2021) (finding third factor satisfied because the plaintiff "filed his suit in Shasta Superior Court shortly after the arbitrator issued a final award").  So, a plaintiff must show some "reasonable promptness in refiling" to plausibly allege reasonable and good faith conduct.  *See Kolani*, 64 Cal. App. at 410.

For this reason, Plaintiff's argument his April 25, 2025 complaint remained timely because the arbitration proceeding tolled the statute of limitations from November 20, 2023 until July 9, 2024 is unavailing.  According to Plaintiff, because "the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the

9

tolling has concluded, . . . the tolled interval, no matter when it took place, is tacked onto the end of the limitations period." *See Lantzy*, 31 Cal. 4th at 370-71. But how the limitations period would be calculated if equitable tolling applied is irrelevant because Plaintiff has not plausibly alleged equitable tolling applies at all.

Plaintiff also argues his choice to delay filing until April 25, 2025 was reasonable and in good faith because he assumed the statute of limitations would be equitably tolled through June 15, 2025. (Dkt. No. 58 at 8.) A plaintiff's "mistake in calculating the filing deadline . . . isn't necessarily fatal to its equitable tolling claim," if the plaintiff can still show good faith and reasonable conduct. *See Saint Francis Mem'l Hosp.*, 9 Cal. 5th at 726, 730. But "delay due to attorney neglect [does not] qualif[y] as 'reasonable and good faith conduct on the part of the plaintiff' with the meaning of the equitable tolling doctrine." *Bonifield*, 94 Cal. App. 4th at 306 (quoting *Addison*, 21 Cal. 3d at 319); *see also Castro v. Sacramento Cnty. Fire Protection Dist.*, 47 Cal. App. 4th 927, 928-29 (1996) (holding attorney neglect is not a basis for setting aside dismissal for failure to comply with statute of limitations); *Todd v. Cnty. of Los Angeles*, 74 Cal. App. 3d 661, 666 (1977) (holding counsel's negligence does not excuse untimely filing of a lawsuit). So, as Plaintiff's misunderstanding of California law was not reasonable, it does not justify the application of equitable tolling. *See also Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 926 (1983) (suggesting "if a plaintiff delayed filing the second claim until the statute on that claim had nearly run, even after crediting the tolled period, his conduct might be considered unreasonable").

Because Plaintiff does not plausibly allege his good faith and reasonable conduct, he has not plausibly alleged equitable tolling applies, and his CIPA claims remain time-barred.

### CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss Plaintiff's CIPA claims as time barred. The Court previously dismissed Plaintiff's CIPA claims "with leave to amend to the extent he can allege facts justifying his delay in filing the complaint" and therefore plausibly allege equitable tolling. (Dkt. No. 46 at 11.) Because Plaintiff has failed to do so, his CIPA claims are barred by the statute of limitations, and further leave to amend would be futile.

*See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

The case will therefore proceed on Plaintiff's remaining claims. The Court resets the initial Case Management Conference for May 20, 2026 at 2:00 p.m. via Zoom video. A joint case management statement is due one week in advance.

This Order disposes of Docket No. 57.

**IT IS SO ORDERED.**

Dated: May 11, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

11