**BALLARD SPAHR LLP**
Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton (pro hac vice)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL PEMBERTON, an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC,

Defendants.

CASE NO. 3:25-cv-03647-JSC

**DEFENDANTS RESTAURANT BRANDS INTERNATIONAL, INC.'S AND RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLANTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED BY PLAINTIFF

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

In accordance with Federal Rule of Civil Procedure 8(b)–(c), Defendants Restaurant Brands International, Inc. ("RBI Inc.") and Restaurant Brands International US Services LLC ("RBI Services") (collectively, "RBI") submit this as their Answer and Affirmative Defenses to Plaintiff Daniel Pemberton's First Amended Complaint ("FAC").

Unless expressly admitted below, Defendants deny the allegations in the FAC and deny that Plaintiff or the putative Class (as defined in the FAC) is entitled to any judgment or other relief whether or not expressly requested. Defendants further deny that this case is suitable for class certification, including because the putative Class does not meet the requirements of Federal Rule of Civil Procedure 23. Plaintiff is not an adequate representative of any purported Class; his claims are not typical; common questions of law or fact affecting the individual members of the putative Class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest.[1]

## INTRODUCTION

1. Defendants admit only that: (1) the Class Action Complaint alleges violations of California privacy laws; (2) when individuals visit www.bk.com (the "Website"), the Website is configured to display a popup cookie consent banner (the "Cookie Banner") that, depending on the date of the individual's visit to the Website, may have looked like the cookie consent banner depicted in Paragraph 1 of the FAC; (3) the Cookie Banner disclosed the Website's use of cookies; and (4) the Cookie Banner depicted in the FAC has two buttons, "Cookie Settings" and "Accept Settings." Defendants deny the remaining allegations in Paragraph 1.

2. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) the Website's privacy policy outlines its use of cookies and steps users can take to not have

---

[1] The footnotes in the FAC are not factual allegations to which Defendants are required to respond. However, to the extent a response is required, Defendants deny the characterization of any footnote that is not supported by the material referenced therein and otherwise denies the accuracy or credibility of any source cited in the footnotes, which Defendants lack sufficient information to verify at this time.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

some of their Website usage data tracked, among other things. Defendants deny the remaining allegations in Paragraph 2.

3. Denied.

4. To the extent the allegations in Paragraph 4 relate to Defendants, denied. To the extent the allegations in Paragraph 4 relate directly to the Third Parties, no response is required. However, if and to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 pertaining what cookies allegedly permitted them to track and collect and therefore deny the allegations.

5. Paragraph 5 contains allegations that do not relate to Defendants, and therefore no response is required. However, if and to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them.

6. To the extent Paragraph 6 relates to the alleged expectations of "Website visitors," Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations and therefore deny them. Defendants deny the remaining allegations in Paragraph 6.

## THE PARTIES

7. Paragraph 7 contains allegations that do not relate to Defendants, and therefore no response is required. However, if and to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8. Defendants admit only that RBI Inc. is a Canadian corporation with its headquarters in Miami, Florida. Defendants deny the remaining allegations in Paragraph 8.

9. Admitted.

10. Paragraph 10 is not an allegation of fact to which a response is required.

11. Defendants admit only that RBI Services is an indirect subsidiary of RBI Inc. The remainder of Paragraph 11 states legal conclusions to which no response is required. However, if and to the extent a response is deemed required, Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 contains legal conclusions to which no response is required. However,

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

if and to the extent a response is deemed required, Defendants deny the allegations in Paragraph 12.

13. Denied.

14. Paragraph 14 contains legal conclusions to which no response is required. However, if and to the extent a response is deemed required, Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. However, if and to the extent a response is deemed required, Defendants deny the allegations in Paragraph 15.

**JURISDICTION AND VENUE**

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that jurisdiction is proper in this Court under CAFA.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not contest that jurisdiction exists under CAFA. Defendants deny the remaining allegations in Paragraph 17.

18. To the extent the allegations in Paragraph 18 relate to Defendants, denied. To the extent the allegations in Paragraph 18 relate directly to the Third Parties, no response is required. However, if and to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 concerning the locations of Third Parties' servers and therefore deny the allegations.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not contest that venue in this Court is proper.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants do not contest venue or jurisdiction under CAFA.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

## SUBSTANTIVE ALLEGATIONS

### A. Defendants Programmed the Website to Include Third-Party Resources that Utilize Cookies-Based Tracking Technologies.[2]

21. Paragraph 21 contains allegations that do not relate to Defendants, including allegations relating to how every website functions, and therefore no response is required. However, if and to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny them.

22. Paragraph 22 contains allegations that do not relate to Defendants and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny them.

23. Paragraph 23 contains legal conclusions to which no response is required. However, if and to the extent a response is deemed required, Defendants deny the allegations in Paragraph 23.

24. Defendants admit only that: (1) depending on the date a user visited the Website, the Website may have included code that deployed certain third party cookies developed by Third Parties; (2) at least some of those Third Parties make the cookies they develop available to the public for free and have generic terms and conditions governing the use of such cookies; and (3) the Third Parties' cookies can be configured and/or used for a variety of different purposes, including analytics, advertising, and security. Defendants deny the remaining allegations in Paragraph 24.

25. Defendants admit only that depending on a number of factors specific to each visitor of the Website, the Website incorporates code that can in certain instances cause first- and third-party cookies to be stored by the user's browser. The remaining allegations in Paragraph 25 do not relate to Defendants and thus no response is required. However, if and to the extent a

[2] The FAC's headings are not fact allegations to which Defendants are required to respond and are included herein only for reference.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore deny them.

26. Defendants admit only that the Website deploys first-party cookies. The remaining allegations in Paragraph 26 do not relate to Defendants and thus no response is required. However, if and to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore deny them.

27. The allegations in Paragraph 27 do not relate to Defendants and thus no response is required. However, if and to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore deny them.

28. Paragraph 28 asserts allegations concerning what "third parties" (not Defendants) purportedly do with information transmitted by the Website and thus no response is required. However, if and to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them. Defendants further deny that the information listed in Paragraph 28 are properly construed as "private" or reflecting "communications" under the law.

29. Defendants admit only that third-party cookies can be used for a variety of purposes, including analytics, personalization, advertising/targeting, enhance website performance, among others. However, whether and to what extent any particular website's third-party cookies actually effectuate one or more of the myriad purposes can only be determined based on a number of factors specific to each website visitor and the circumstance of their website visit. By way of example only, a user's browser or device settings, the use of ad-blocking or cookie-blocking software, the user's prior interaction with the Third Parties' platforms, and whether the user has cleared their browser cookies can all affect whether and how cookies function on any particular visit. Defendants deny the remaining allegations in Paragraph 29.

30. Defendants admit only that: (1) the Website provides consumers one of several means by which they can find information about Burger King's menu items, offers, and, in some instances, purchase food for pickup or delivery; and (2) depending on a number of individualized

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

factors unique to each user of the Website, including without limitation the date on which the user visited, the user's device and browser, device and browser settings, cookie blocking tools, account settings with Third Parties, etc., the Website can in some instances collect limited information concerning the user's browsing history (if any), visit history (if any), website interactions (if any), user input data (if any), demographic information (if source of information is accurate), interests and preferences (if any and/or source of information is accurate), shopping behaviors (if any and/or source of information is accurate), device information, referring URLs (if any), session information, user identifiers (if source of information is accurate), and/or geolocation data (if source of information is accurate). Defendants deny the remaining allegations contained in Paragraph 30. Defendants further state that, as reflected in their June 7, 2025 Motion to Dismiss (Doc. 12), they are indirect affiliates of Burger King Company LLC ("BKC"), which is the owner of the Burger King brand and the franchisor of the Burger King restaurant format and operating system in the United States. BKC, not the Defendants, owns and operates the Website. Defendants maintain that they are not proper defendants to this action.

31. Defendants admit only that, as disclosed in pertinent part on the Website's publicly-available privacy policy, the Website implements code that can, depending on individualistic factors specific to each visitor, cause first- and third-party cookies to be deployed. Defendants deny the remaining allegations contained in Paragraph 31—including specifically that Defendants can determine whether any specific user is accessing the Website from California and that they "have complete control over whether first-party and third-party cookies are placed on Website users' devices and/or transmitted to third parties."

32. Defendants admit that the Website discloses the use of third-party cookies and that the disclosures speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 32 accurately quotes disclosures on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 32.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

33. Defendants admit that the Website discloses the use of third-party cookies and that the disclosures speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 33 accurately quotes disclosures on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 33.

34. Defendants admit that the Privacy Policy on the Website discloses the use of third-party cookies and that the disclosures speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 34 accurately quotes disclosures on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 34.

35. Defendants admit that the Privacy Policy on the Website discloses the use of third-party cookies and that the disclosures speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 35 accurately quotes disclosures on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 35.

36. Defendants admit that the Privacy Policy on the Website includes disclosures concerning the “Sale or Sharing of Personal Information” and that the disclosures speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 36 accurately quotes disclosures on the Website

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 36.

**B. <u>Defendants Falsely Informed Users That They Could Opt Out of the Website's Use of Cookies.</u>**

37. Defendants admit only that: (1) the Website was at all relevant times configured to immediately display a popup cookie consent banner to any Website visitor using a device with an IP address associated with California; (2) the cookie consent banner that displayed depended on the date of the user's visit; and (3) the disclosure and options displayed on the cookie consent banner speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 37 accurately quotes from the cookie consent banner on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 37.

38. Defendants admit only that: (1) the Website was configured so that users who clicked on the "Cookie Settings" button on the cookie consent banner would be shown a cookie settings window; (2) the cookie settings window that displayed depended on the date of the user's visit; and (3) the disclosure and options displayed on the cookie settings window speak for themselves. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 38 accurately quotes from the cookie settings window on the Website during the relevant time period, Defendants admit the accuracy of the quoted material but deny any allegations that mischaracterize or take out of context the quoted material. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants admit only that: (1) the cookie settings window that displayed on the Website depended on the date of the user's visit; and (2) the disclosure and options displayed on the cookie settings window speak for themselves. Defendants lack knowledge or information

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 39 accurately quotes from or depicts the cookie settings window on the Website during the relevant time period, Defendants admit the accuracy of such material but deny any allegations that mischaracterize or take out of context such material. Defendants deny the remaining allegations in Paragraph 39.

40. Defendants admit only that: (1) the cookie settings window that displayed on the Website depended on the date of the user's visit; (2) the disclosure and options displayed on the cookie settings window speak for themselves; (3) the cookie settings window was powered by OneTrust; (4) OneTrust configured the window so that a user could move certain toggles to indicate their cookie preferences, except with respect to cookies considered strictly necessary; and (5) upon clicking "Confirm My Choices" the cookie settings window would go away and the user could continue using the Website. Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations that are dependent on the date(s) on which Plaintiff allegedly visited the Website and therefore deny them. To the extent Paragraph 40 accurately quotes from or depicts the cookie settings window on the Website during the relevant time period, Defendants admit the accuracy of such material but deny any allegations that mischaracterize or take out of context such material. Defendants deny the remaining allegations in Paragraph 40.

41. To the extent Paragraph 41 contains legal conclusions, Defendants are not required to respond. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 concerning what Plaintiff or other Website users may have believed or the state of the Website at the time Plaintiff or other Website users visited and therefore deny them.

42. Denied.

43. Denied.

44. Denied.

45. Defendants admit only that there are publicly available tools that any person can use to see incoming and outgoing network transmissions on the Website. Defendants lack

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 45 and what it purports to show and therefore deny any allegations regarding the same. Defendants deny the remaining allegations in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 45 and what it purports to show and therefore deny any allegations regarding the same. Defendants deny the remaining allegations in Paragraph 46.

47. Denied.

48. Defendants lack knowledge or information sufficient to form a belief about what might happen when any particular user visits the Website, let alone all users, because that would require knowing the specific circumstances of each user's visit. Thus, to the extent the allegations in Paragraph 48 relate specifically to the Website, Defendants deny them. The remaining allegations relate to the actions of Third Parties and thus no response is required. If and to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to those allegations and deny them.

49. To the extent Paragraph 49 contains legal conclusions Defendants deny them. The remaining allegations in Paragraph 49 relate Third Parties' purported capabilities and thus no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

### C. The Private Communications Intercepted and Collected Through Third Party Cookies on Defendants' Website.

#### 1. Google Cookies

50. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by Google, as would be reflected in the Website's privacy policy. The

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

remaining allegations in Paragraph 50 relate to a third party (not Defendants), and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51. Paragraph 51 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52. Paragraph 52 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore deny them.

53. Paragraph 53 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore deny them.

54. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties (including Google) that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by Google, as would be reflected in the Website's privacy policy. The remaining allegations in Paragraph 54 relate to a third party (not Defendants), and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore deny them.

55. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 54 and what it purports to show and therefore deny any allegations regarding the same. The remaining allegations in Paragraph 55 do

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore deny them.

56. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 56 and what it purports to show and therefore deny any allegations regarding the same.

57. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 56, what it purports to show, or how Google allegedly uses cookies and therefore deny any allegations in Paragraph 57 regarding the same.

58. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 58 and what it purports to show and therefore deny any allegations regarding the same.

59. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 58, what it purports to show, or how Google allegedly uses cookies and therefore deny any allegations in Paragraph 59 regarding the same.

60. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 60 and what it purports to show and therefore deny any allegations regarding the same.

61. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 60 and what it purports to show and therefore deny any allegations in Paragraph 61 regarding the same.

62. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 60 and what it purports to show and therefore deny any allegations in Paragraph 62 regarding the same.

63. Paragraph 63 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny them.

64. Paragraph 64 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64 and therefore deny them.

65. Paragraph 65 contains allegations that do not relate to Defendants and therefore no response is required. However, to the extent a response is deemed required, Defendants deny the allegations in Paragraph 65 to the extent that they misquote, mischaracterize, or take out of context information on Google's Shared Data Under Measurement Controller-Controller Data Protection Terms. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65 and therefore deny them.

**2. Meta Cookies**

66. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by Meta, as would be reflected in the Website's privacy policy. The remaining allegations in Paragraph 66 relate to a third party (not Defendants), and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny them.

67. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations regarding the same. The remaining allegations in Paragraph 67 do not relate to Defendants, and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67 and therefore deny them.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

68. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations in Paragraph 68 regarding the same.

69. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations in Paragraph 69 regarding the same.

70. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations in Paragraph 70 regarding the same.

71. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations in Paragraph 71 regarding the same.

72. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 67 and what it purports to show and therefore deny any allegations in Paragraph 72 regarding the same.

73. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 73 and what it purports to show and therefore deny any allegations regarding the same. The remaining allegations in Paragraph 73 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore deny them.

74. Defendants lack knowledge or information sufficient to form a belief about the source or authenticity of the screenshot reflected in Paragraph 73 and what it purports to show and therefore deny any allegations in Paragraph 74 regarding the same. The remaining allegations in Paragraph 74 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and therefore deny them.

75. Paragraph 75 contains allegations that do not relate to Defendants, and therefore no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore deny them.

76. Paragraph 76 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore deny them.

77. Paragraph 77 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore deny them.

78. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore deny them.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore deny them.

**3. Microsoft Clarity Cookies**

80. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by Microsoft, as would be reflected in the Website's privacy policy. The remaining allegations in Paragraph 80 relate to a third party (not Defendants), and therefore no response is required. However, to the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore deny them.

81. Defendants admit only that Clarity can be used to analyze website usage. The remaining allegations in Paragraph 81 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore deny them.

82. Defendants admit only that Clarity can be used to analyze website usage. The remaining allegations in Paragraph 82 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and therefore deny them.

83. Paragraph 83 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore deny them.

**4. Additional Third Party Cookies**

84. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; and (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by certain third parties, as would be reflected in the Website's privacy policy. Defendants deny the remaining allegations in Paragraph 84.

85. Paragraph 85 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny them.

86. Paragraph 86 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore deny them.

87. Paragraph 87 contains allegations that do not relate to Defendants, and therefore no

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore deny them.

88. Paragraph 88 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore deny them.

89. Paragraph 89 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore deny them.

**D. The Private Communications Collected are Valuable.**

90. Defendants admit only that Burger King serves consumers in California. Defendants deny the remaining allegations in Paragraph 90.

91. Defendants admit only that: (1) the Website is like most websites in that it includes resources and programming scripts developed by third parties that can, depending on configuration, place cookies and/or other similar tracking technologies on visitors' browsers; (2) depending on the date of a user's visit to the Website, the Website may have used tracking technologies developed by certain third parties, as would be reflected in the Website's privacy policy; (3) Website usage data can, depending on the circumstances, be valuable for purposes of optimizing the performance of its website and enhancing marketing and advertising, among other things; and (4) that depending on an individual users browser and device settings and interaction with the Website, it may be possible in some instances to determine that the device associated with a Website visit is using a California IP address. Defendants deny the remaining allegations in Paragraph 91.

92. Defendants admit only that data reflecting Website usage can, depending on the circumstances, provide insights related to the Website and products or services displayed on the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Website and can be used to enhance user experience, measure advertising efficacy, among other things. Defendants deny the remaining allegations in Paragraph 92.

93. Paragraph 93 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore deny them.

94. Defendants deny that the Website enabled third parties to collect "personal" data. The remaining allegations in Paragraph 94 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore deny them.

95. Denied.

## PLAINTIFF'S EXPERIENCES

96. Paragraph 96 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore deny them.

97. Paragraph 97 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore deny them.

98. Paragraph 98 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny them.

99. Paragraph 99 contains allegations that do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

99 and therefore deny them.

100. Paragraph 100 contains legal conclusions to which Defendants are not required to respond. To the extent Paragraph 100 contains allegations related to Defendants, denied. The remaining allegations in Paragraph 100 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

101. Defendants deny any allegations in Paragraph 101 that relate, in whole or in part, to Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72) and to which Defendants are no longer obligated to respond. The remaining allegations in Paragraph 101 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

102. To the extent the allegations in Paragraph 102 relate to Defendants, denied. The remaining allegations in Paragraph 102 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

103. To the extent the allegations in Paragraph 103 relate to Defendants, denied. The remaining allegations in Paragraph 103 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

104. To the extent the allegations in Paragraph 104 relate to Defendants, denied. The remaining allegations in Paragraph 104 do not relate to Defendants, and therefore no response is required. However, to the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.

## ARBITRATION PROCEEDING AND TOLLING

105. Defendants deny any allegations in Paragraph 105 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

waiving this qualification, Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny any allegations in Paragraph 106 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Paragraph 106 contains allegations that refer to email communications exchanged by Plaintiff's counsel and Defendants, which speak for themselves. Defendants deny the allegations in Paragraph 106 to the extent they misquote, mischaracterize, or take out of context those email communications. Defendants deny the remaining allegations in Paragraph 106.

107. Defendants deny any allegations in Paragraph 107 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Paragraph 107 contains allegations that refer to email communications exchanged by Plaintiff's counsel and Defendants, which speak for themselves. Defendants deny the allegations in Paragraph 107 to the extent they misquote, mischaracterize, or take out of context those email communications.

108. Defendants deny any allegations in Paragraph 108 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Defendants admit only that on or about November 13, 2023, Plaintiff filed an arbitration demand against Defendants with the American Arbitration Association ("AAA"), Case No. 01-23-0005-1398, in which he asserted claims and indicated his intent to pursue them on behalf of other similarly situated class members. Defendants deny the remaining allegations in Paragraph 108.

109. Defendants deny any allegations in Paragraph 109 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without

waiving this qualification, Defendants admit only that Plaintiff's arbitration demand and Motion re: Non-Arbitrability speak for themselves. Defendants deny the remaining allegations in Paragraph 109 including to the extent they misquote, mischaracterize, or take out of context the documents they reference.

110. Defendants deny any allegations in Paragraph 110 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Defendants admit only that on or around July 9, 2024, the arbitrator issued an order on Plaintiff's Motion re: Non-Arbitrability. Defendants deny the remaining allegations in Paragraph 110 including to the extent they misquote, mischaracterize, or take out of context the document they reference.

111. Defendants deny any allegations in Paragraph 111 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Defendants admit only that Plaintiff filed his complaint in the action on April 25, 2025 and that over the course of two days in December, Plaintiff's counsel and Defendants' counsel engaged in discussions about Plaintiff's threat to imminently file a lawsuit. Defendants deny the remaining allegations in Paragraph 111 including to the extent they misquote, mischaracterize, or take out of context the documents and/or communications they reference.

112. Defendants deny any allegations in Paragraph 112 that relate, in whole or in part, to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond. Subject to and without waiving this qualification, Defendants admit only that Plaintiff's arbitration was held in abeyance for a certain period of time before being closed on or around December 12, 2025. Defendants deny the remaining allegations in Paragraph 112.

113. Defendants deny any allegations in Paragraph 113 because they relate to the timeliness or substance of Plaintiff's CIPA claims, which the Court dismissed with prejudice (Dkt. 72), and to which Defendants are no longer obligated to respond.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**CLASS ALLEGATIONS**

114. Paragraph 114 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff brings this lawsuit on behalf of a class. Defendants deny the remaining allegations in Paragraph 114.

115. Paragraph 115 states a legal conclusion to which no response is required. To the extent a response is required, denied.

116. Paragraph 116 states a legal conclusion to which no response is required. To the extent a response is required, denied.

117. Paragraph 117 states a legal conclusion to which no response is required. To the extent a response is required, denied.

118. Paragraph 118 states a legal conclusion to which no response is required. To the extent a response is required, denied.

119. Paragraph 119 states a legal conclusion to which no response is required. To the extent a response is required, denied.

120. Paragraph 120 states a legal conclusion to which no response is required. To the extent a response is required, denied.

121. Paragraph 121 states a legal conclusion to which no response is required. To the extent a response is required, denied.

**CAUSES OF ACTION**

**First Cause of Action: Invasion of Privacy**

122. Defendants incorporate their responses to Paragraphs 1 through 121 as if set forth at length herein.

123. Paragraph 123 states a legal conclusion to which no response is required.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

129. Denied.

130. Denied.

131. Denied.

132. Defendants admit only that Plaintiff seeks relief for himself and a putative class in the FAC. Defendants deny the remaining allegations in Paragraph 132.

133. Defendants admit only that Plaintiff seeks relief for himself and a putative class in the FAC. Defendants deny the remaining allegations in Paragraph 133.

**<u>Second Cause of Action</u>: Intrusion Upon Seclusion**

134. Defendants incorporate their responses to Paragraphs 1 through 133 as if set forth at length herein.

135. Paragraph 135 states a legal conclusion to which no response is required.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Defendants admit only that Plaintiff seeks relief for himself and a putative class in the FAC. Defendants deny the remaining allegations in Paragraph 142.

143. Defendants admit only that Plaintiff seeks relief for himself and a putative class in the FAC. Defendants deny the remaining allegations in Paragraph 143.

**<u>Third Cause of Action</u>: Wiretapping in Violation of the California Invasion of Privacy Act (California Penal Code § 631)**

144. Defendants incorporate their responses to Paragraphs 1 through 143 as if set forth at length herein.

145. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

146. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

147. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

148. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

149. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

150. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

151. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

152. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

153. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

154. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

155. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72),

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

156. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

157. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

158. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

159. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

160. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

161. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

162. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

163. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Third Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 631) has been dismissed with prejudice and therefore no response is required.

**<u>Fourth Cause of Action</u>: Use of a Pen Register in Violation of the California Invasion of Privacy Act (California Penal Code § 638.51)**

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

164. Defendants incorporate their responses to Paragraphs 1 through 163 as if set forth at length herein.

165. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

166. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

167. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

168. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

169. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

170. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

171. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

172. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

173. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal.

Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

174. Pursuant to the Court's Order on Defendants' Motion to Dismiss (Dkt. 72), Plaintiff's Fourth Cause of Action for Violation of the California Invasion of Privacy Act (Cal. Pen. Code § 638.51) has been dismissed with prejudice and therefore no response is required.

**<u>Fifth Cause of Action</u>: Common Law Fraud, Deceit and/or Misrepresentation**

175. Defendants incorporate their responses to Paragraphs 1 through 174 as if set forth at length herein.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Defendants deny that Plaintiff or Class Members are entitled to any relief.

181. Defendants deny that Plaintiff or Class Members are entitled to any relief.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Defendants admit only that Plaintiff seeks relief for himself and a putative class in the FAC. Defendants deny the remaining allegations in Paragraph 186.

**<u>Sixth Cause of Action</u>: Unjust Enrichment**

187. Defendants incorporate their responses to Paragraphs 1 through 186 as if set forth at length herein.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

194. Denied.

195. Denied.

196. Denied.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff or any putative class member is entitled to any of the relief requested in the Prayer for Relief section.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

Defendants have not completed their full investigation of the facts of this case, have not completed discovery in this matter, and have not completed their preparation for trial. The defenses asserted herein are based on Defendants' knowledge, information, and belief at this time. By asserting the defenses herein, Defendants have not knowingly and intentionally waived any applicable defenses and hereby expressly reserve the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time. Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiff's claims, Defendants assert the following separate and additional defenses on information and belief:

**First Affirmative Defense**
**(Dismissal Order)**

The claims and allegations in the FAC are barred or rendered moot, in part, by the Court's orders granting in part Defendants' motion to dismiss (ECF Nos. 46 & 72).

**Second Affirmative Defense**
**(Lack of Legally Protected Privacy Interest)**

The claims and allegations in the FAC are barred, in whole or in part, because Plaintiff and putative Class members do not maintain a legally protected privacy interest over any data allegedly collected.

**Third Affirmative Defense**
**(Consent, Express or Implied; Implied License)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrines of consent and/or ratification because Plaintiff and putative class members manifested agreement and consent through words and/or conduct to the sharing and/or use of their personal information as alleged in the FAC. Additionally, Plaintiff's and class members' agreement to the terms of use of other technologies, services, and platforms consented to and/or created an implied license for the alleged information sharing alleged in the FAC. Further, the Website's publicly-available privacy policy, which was accessible to all Website visitors, disclosed Defendants' use of cookies and third-party analytics and advertising services, and Plaintiff's continued use of the Website after such disclosure constitutes consent.

**Fourth Affirmative Defense**
**(Barred by Contract)**

The claims and allegations in the FAC are barred, in whole or in part, by contracts and/or agreements between Plaintiff (or putative class members) and Defendants and/or the Third Parties.

**Fifth Affirmative Defense**
**(No Derivative Liability for Aiding Violation)**

The claims and allegations in the FAC are barred, in whole or in part, because Defendants have neither conspired to obtain nor aided any third parties in unlawfully obtaining Plaintiff's information.

**Sixth Affirmative Defense**
**(Party to Communications)**

The claims and allegations in the FAC are barred, in whole or in part, because Defendants were a party to any and all communications Defendants allegedly received, and therefore no actionable interception occurred. A party cannot be held liable for "wiretapping" or "eavesdropping" on its own communications. To the extent a third party received Plaintiff's communications, they were acting as Defendants' vendor or agent providing services on Defendants' behalf rather than as an independent eavesdropper. Such third parties functioned as mere extensions of Defendants for the purpose of operating and optimizing the Website, and are not "third parties" under applicable law.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Seventh Affirmative Defense**
**(Good Faith)**

The claims and allegations in the FAC are barred, in whole or in part, because at all times Defendants acted in good faith and in compliance with any applicable statutes and/or regulations.

**Eighth Affirmative Defense**
**(Mistake; Lack of Requisite Knowledge or Intent)**

The claims and allegations in the FAC are barred, in whole or in part, because Defendants reasonably relied on facts and if those facts are later proven to be false and/or result from bona fide error, Defendants lacked the knowledge or intent required to be held liable for any alleged violation or intrusion upon Plaintiff's privacy rights.

**Ninth Affirmative Defense**
**(Assumption of Risk)**

The claims and allegations in the FAC are barred, in whole or in part, by assumption of risk arising from Plaintiff's voluntary use of internet-based services, including Defendants' Website, and/or his knowledge of Internet tracking practices. Plaintiff knowingly and voluntarily used the Internet and visited Defendants' Website, with full knowledge that websites commonly use cookies and similar tracking technologies. The use of cookies and analytics tools on websites is ubiquitous and widely known, and Plaintiff assumed the risk of any alleged privacy invasion by choosing to browse the Internet.

**Tenth Affirmative Defense**
**(Release)**

The claims and allegations in the FAC are barred, in whole or in part, by release, including to the extent Plaintiff impliedly released such claims by continuing to use Defendants' services after learning of the alleged conduct.

**Eleventh Affirmative Defense**
**(Failure to Mitigate)**

The claims and allegations in the FAC are barred, in whole or in part, to the extent

discovery reveals that Plaintiff and/or class members failed to mitigate their damages. For example, to the extent Plaintiff and putative class members had notice regarding the information any third party allegedly received about them, they are barred, in whole or in part, from recovering damages.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages based on the alleged disclosure of information that they publicized through other channels, such as social media.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages to the extent they did not attempt to use settings that would limit the data shared with the Website and/or third parties.

Plaintiff and putative class members are also barred, in whole or in part, from recovering damages to the extent they failed to read disclosures that would have put them on notice of Defendants' use of data as disclosed in Defendants' terms and policies.

**Twelfth Affirmative Defense**
**(Acts or Omissions of Plaintiff and/or Third Parties)**

The claims and allegations in the FAC are barred, in whole or in part, because the Plaintiff's alleged damages, if any, were caused by persons and entities other than Defendants. Such intervening and superseding conduct of others bars and/or diminishes Plaintiff's recovery. Any alleged harm to Plaintiff and putative class members was proximately caused by subsequent and intervening or superseding acts of Plaintiff or the putative class members and/or of third parties. Defendants did not share individually identifiable information with third parties and therefore any violation of Plaintiff's privacy rights was caused by the actions of third parties, not Defendants. Additionally, any actions taken by the Third Parties with respect to cookies or data collection were within the Third Parties' sole control and discretion, not Defendants'.

**Thirteenth Affirmative Defense**
**(Lack of Proximate Cause)**

The claims and allegations in the FAC are barred, in whole or in part, because Defendants' conduct was not the proximate cause of any damage or injury alleged to have been suffered by

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiff.

**Fourteenth Affirmative Defense**
**(Lack of Damages)**

The claims and allegations in the FAC are barred, in whole or in part, because Plaintiff and the putative Class have suffered no actual injury or legally cognizable damages and their purported damages, if any, are speculative and/or uncertain and therefore not compensable. Plaintiff has not alleged any concrete and particularized injury, such as identity theft, financial loss, or other tangible harm, resulting from the alleged conduct. The mere transmission of allegedly non-consented-to cookies does not constitute cognizable injury. Additionally, to the extent Plaintiff claims injury based on the alleged value of his personal information, such claims are speculative and unquantifiable.

**Fifteenth Affirmative Defense**
**(Statute of Limitations)**

The claims and allegations in the FAC are barred, in whole or in part, by the statute of limitations under applicable law. Plaintiff's claims are subject to a one-year statute of limitations for invasion of privacy and intrusion upon seclusion claims, a two-year statute of limitations for fraud claims, and a three-year statute of limitations for unjust enrichment claims. Plaintiff's claims are time-barred to the extent they are based on conduct occurring prior to the applicable limitations period. To the extent Plaintiff seeks to represent a class, the putative Class Period is inappropriate given applicable statutes of limitations, and any class must be limited to those individuals whose claims accrued within the applicable limitations period.

**Sixteenth Affirmative Defense**
**(Laches)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrine of laches due to unreasonable delay and resulting prejudice.

**Seventeenth Affirmative Defense**
**(Waiver)**

The claims and allegations in the FAC are barred, in whole or in part, by waiver based on

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Plaintiff's prior conduct and knowledge regarding the challenged practices.

**Eighteenth Affirmative Defense**
**(Equitable Estoppel)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrine of equitable estoppel.

**Nineteenth Affirmative Defense**
**(Failure to State a Claim)**

The claims and allegations in the FAC are barred, in whole or in part, because Plaintiff lacks evidence sufficient to state a claim upon which relief can be granted.

**Twentieth Affirmative Defense**
**(Unclean Hands)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrine of unclean hands.

**Twenty-First Affirmative Defense**
**(Unjust Enrichment)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrine of unjust enrichment. The doctrine of unjust enrichment bars Plaintiff's and putative class members' right to relief to the extent they continued to use Defendants' Website services despite having notice regarding the information third parties allegedly received about them from their interactions. The doctrine of unjust enrichment also bars Plaintiff's and putative class members' right to relief to the extent that they did not attempt to use settings that would limit the data shared with the Website and/or third parties.

**Twenty-Second Affirmative Defense**
**(Election of Remedies)**

The claims and allegations in the FAC are barred, in whole or in part, by the doctrine of election of remedies, because they seek inconsistent and conflicting relief that will more than make Plaintiff and Class members whole.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**Twenty-Third Affirmative Defense**
**(Equitable Relief)**

Plaintiff and Class members cannot establish that legal damages are an inadequate remedy such that they are entitled to equitable relief.

Plaintiff and Class members are not entitled to monetary relief for any alleged common law, statutory, or Constitutional invasion of privacy.

**Twenty-Fourth Affirmative Defense**
**(No Entitlement to Interest or Fees)**

Plaintiff and Class members are not entitled to their requested amount, or rate, of pre- or post- judgment interest. Nor are they entitled to recover attorneys' fees or other costs and expenses.

**Twenty-Fifth Affirmative Defense**
**(Unconstitutional Request for Statutory and Punitive Damages)**

Statutory, punitive, or exemplary damages should not be awarded or should otherwise be limited. That is because (1) any recovery of statutory or exemplary damages would violate the substantive and procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, by Article 1, Section 7 of the California Constitution, by section 3294 of the California Civil Code, and by the common law; and (2) imposition of any statutory, punitive, or exemplary damages would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution.

Any aggregation of statutory damages should be barred or should otherwise be limited. This is because imposition of massively aggregated statutory damages on the scale of what Plaintiff and Class members seek would constitute an excessive fine or penalty under the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution. See, e.g., Wakefield v. ViSalus, Inc., 51 F.4th 1109, 1123 (9th Cir. 2022).

**Twenty-Sixth Affirmative Defense**
**(Not Proper for Class Certification)**

This case is improper for resolution on a class-wide basis because the putative class does not meet the requirements of Federal Rule of Civil Procedure 23. Specifically, Plaintiff is not an

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

adequate representative of any purported class; his claims are not typical; common questions of law or fact affecting the individual members of the class do not predominate; a class action is neither manageable nor superior; and/or there is no ascertainable class with a community of interest. By way of example only, Plaintiff and Class members cannot show that any information allegedly intercepted or disclosed relates specifically to them. Because more than one individual may have access to a single device or computer, mini-trials would be necessary to determine if the information allegedly collected related to each and every individual actually using the computers and/or computer browsers at issue. Additionally, individualized inquiries are required to determine: (i) whether each putative class member actually opted out of cookies; (ii) the specific cookies, if any, that were transmitted during each visit; (iii) each class member's browser and device settings; (iv) whether each class member had cookie-blocking or ad-blocking software enabled; (v) each class member's subjective expectations and beliefs regarding privacy; (vi) whether each class member suffered any cognizable injury; and (vii) the circumstances of each class member's website visit, including the date, time, and manner of interaction with the Website, among other things.

If the Court certifies a class in this action, then Defendants assert the affirmative defenses set forth herein against each and every member of the certified class. Additionally, given the lack of discovery and aggregated nature of Plaintiff's claims, it is not feasible for Defendants to forecast potential affirmative defenses that might apply to any given absent Class Member at this time. Defendants expressly reserve the right to assert additional affirmative defenses as the case progresses.

**Twenty-Seventh Affirmative Defense**
**(Indispensable Party)**

The claims and allegations in the FAC are barred, in whole or in part, because Plaintiff has failed to join necessary and indispensable parties to the action.

**Twenty-Eighth Affirmative Defense**
**(Preemption)**

Plaintiff's and Class members' claims are preempted, expressly or impliedly, in whole or

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

in part, by any applicable federal laws and regulations.

**Twenty-Ninth Affirmative Defense**
**(Extraterritorial Application)**

The claims and allegations in the FAC are barred, in whole or in part, to the extent the claims asserted required the improper extraterritorial application of state laws.

**Thirtieth Affirmative Defense**
**(Violation of First and Fourteenth Amendments)**

The claims and allegations in the FAC are barred, in whole or in part, by the First and Fourteenth Amendments of the United States Constitution to the extent Defendants' conduct amounts to protected speech.

**Thirty-First Affirmative Defense**
**(Dormant Commerce Clause)**

The claims and allegations in the FAC are barred, in whole or in part, by the Dormant Commerce Clause.

**Thirty-Second Affirmative Defense**
**(Authorized Conduct)**

Defendants' conduct is authorized, in whole or in part, by California Business & Professions Code Section 22575 et seq. ("CalOPPA"), and any similar statutes, with which Defendants complied by publishing their privacy policy.

**Thirty-Third Affirmative Defense**
**(Binding Arbitration)**

Defendants reserve and asserts the right to compel arbitration and stay this action pursuant to the governing agreement if discovery reveals Plaintiff or any Class member consented and/or agreed to submit disputes to binding arbitration.

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

Defendants reserve the right to allege additional defenses as they may become known, or as they evolve during the litigation, and to amend their Answer accordingly.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray as follows:

1. That the FAC be dismissed with prejudice;
2. That Plaintiff takes nothing by way of the FAC;
3. That Plaintiff's prayer for relief is denied in full;
4. That judgment be entered in favor of Defendants and against Plaintiff;
5. For costs of suit incurred herein, including attorney fees and expenses; and
6. For such other and further relief as the Court deems just and proper.

DATED: May 22, 2026

Respectfully Submitted,

BALLARD SPAHR LLP

*/s/ J. Matthew Thornton*
J. Matthew Thornton
Brianna R. Howard

*Attorneys for Defendants*