**BALLARD SPAHR LLP**
Brianna R. Howard (SBN 314642)
howardbr@ballardspahr.com
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

J. Matthew Thornton (pro hac vice)
thorntonj@ballardspahr.com
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

*Attorneys for Defendants*
RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC



**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DANIEL PEMBERTON, individually and on behalf of others similarly situated,

Plaintiff,

v.

RESTAURANT BRANDS INTERNATIONAL, INC. and RESTAURANT BRANDS INTERNATIONAL US SERVICES, LLC,

Defendants.

Case No.: 3:25-cv-03647-JSC

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**<u>Hearing:</u>**
Judge: Hon. Jacqueline Scott Corley
Courtroom: 8
Date: September 24, 2026
Time: 10:00 a.m.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

## TABLE OF CONTENTS

INTRODUCTION ..... 1

BACKGROUND AND PROCEDURAL HISTORY ..... 3

1. Plaintiff Files Complaint and the Court Dismisses His CIPA Claims as Untimely ..... 3

2. Plaintiff Files First Amended Complaint, Rejects Opportunity to Add New Plaintiffs, and the Court Again Dismisses His CIPA Claims, With Prejudice. ..... 3

3. Plaintiff Waits Until the Last Minute to Seek Leave to Amend and Fails to Properly Confer Before Filing Motion to Add Two New Plaintiffs on the Eve of a Holiday Weekend. ..... 4

4. Plaintiff's Motion Seeks Leave to Add Claims by Plaintiffs Who First Visited the Website in 2023. ..... 5

LEGAL STANDARD ..... 6

ARGUMENT ..... 6

1. Amendment Would Be Futile Because Guidotti's and Flowers's CIPA Claims Are Time-Barred, Subject to Binding Arbitration, and Independently Fail Under the Website's Updated Cookie Banner. ..... 6

   a. The New Plaintiffs' CIPA claims are time-barred. ..... 7

   b. Neither Guidotti nor Flowers Alleges Damages Sufficient to Support Their Other Privacy-Based Claims. ..... 8

   c. The New Plaintiffs Engaged with a Cookie Banner that Separately Defeats Their Claims or Requires Arbitration. ..... 8

2. Amendment Would Cause Undue Prejudice to Defendants by Forcing Them to Endure a Third Round of Motions to Dismiss, Another Round of Motions to Compel Arbitration, and Amended Discovery and Disclosures. ..... 9

3. Plaintiff's Counsel Had Ample Opportunity to Amend to Avoid at Least Some of the Prejudice to Defendants but Opted to "Wait-and-See" in Bad Faith. ..... 11

4. Plaintiff's Counsel Knew of New Plaintiffs as Early as February 2026 but Inexplicably Waited Five Months to Seek Leave to Amend—Only After This Court Dismissed Plaintiff's CIPA Claims for the Second Time. ..... 12

CONCLUSION ..... 12

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers*,
781 F.2d 1393 (9th Cir. 1986) ..... 11

*Adkins v. Facebook, Inc.*,
No. C 18-05982 WHA, 2019 WL 3767455 (N.D. Cal. Aug. 9, 2019) ..... 7

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020) ..... 7

*Carvalho v. Equifax Info. Servs., LLC*,
629 F.3d 876 (9th Cir. 2010) ..... 6

*Color Switch LLC v. Fortafy Games DMCC*,
818 Fed. App'x 694 (9th Cir. 2020) ..... 7

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
918 F.2d 1446 (9th Cir. 1990) ..... 12

*Cordova v. Lehman Bros., Inc.*,
237 F.R.D. 471 (S.D. Fla. 2006) ..... 9

*Crano v. Sojern, Inc.*,
No. 3:25-cv-02600-JSC, 2026 WL 1670136 (N.D. Cal. June 9, 2026) ..... 8

*Droesch v. Wells Fargo Bank, N.A.*,
No. 20-cv-06751-JSC, 2022 WL 1659118 (N.D. Cal. May 25, 2022) ..... 6

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ..... 9

*Fedoroff v. Rocket Mortgage*,
No. 26-cv-00702-JSC, 2026 WL 1707021 (N.D. Cal. June 12, 2026) ..... 8

*Foman v. Davis*,
371 U.S. 178 (1962) ..... 6

*Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*,
980 F. Supp. 2d 1160 (E.D. Cal. 2013) ..... 12

*M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*,
No. 22-cv-04345-AMO, 2024 WL 1180999 (N.D. Cal. Mar. 18, 2024) ..... 12

*Miller v. Mercedes-Benz USA, LLC*,
No. CV 06-05382 ABC, 2009 WL 1393488 (C.D. Cal. May 15, 2009) ..... 11

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

*Miller v. Rykoff-Sexton, Inc.*,
845 F.2d 209 (9th Cir. 1988) ..... 7

*Mobile Emergency Housing Corp. v. HP, Inc.*,
No. 20-cv-09157-SVK, 2022 WL 18098217 (N.D. Cal. Dec. 7, 2022) ..... 10

*Nunes v. Ashcroft*,
375 F.3d 805 (9th Cir. 2004) ..... 6

*Ortega v. Nissan North Am., Inc.*,
No. 1:22-cv-01581-ADA-EPG, 2023 WL 3569795, (E.D. Cal. May 18, 2023) ..... 11

*Osakan v. Apple Am. Grp.*,
No. C 08-4722 SBA, 2010 WL 1838701 (N.D. Cal. May 5, 2010) ..... 10

*Pemberton v. Restaurant Brands Int'l, Inc.*,
No. 25-cv-03647-JSC, 2026 WL 1283383 (N.D. Cal. May 11, 2026) ..... 7

*Penning v. NVIDIA Corp.*,
No. 25-cv-09160-SVK, 2026 WL 1433313 (N.D. Cal. May 21, 2026) ..... 8

*Ramachandran v. City of Los Altos*,
No. 18-CV-01223-VKD, 2020 WL 1914961 (N.D. Cal. Apr. 20, 2020) ..... 11

*Shelton v. McLane Co., Inc.*,
No. 1:17-CV-888-SS-AWA, 2018 WL 3453883 (W.D. Tex. July 16, 2018) ..... 9

*Sierra Club v. U.S. Dep't of Interior*,
No. 18-cv-00797-JSC, 2019 WL 1995763 (N.D. Cal. May 6, 2019) ..... 6, 9

*Swanson v. U.S. Forest Serv.*,
87 F.3d 339 (9th Cir. 1996) ..... 12

*Texaco, Inc. v. Ponsoldt*,
939 F.2d 794 (9th Cir. 1991) ..... 12

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*,
278 F.R.D. 505 (N.D. Cal. 2011) ..... 11

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1134 (C.D. Cal. 2010) ..... 7

**Statutes**

Cal. Civ. Proc. Code § 340(a) ..... 7

California Invasion of Privacy Act ..... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........ 7

Fed. R. Civ. P. 15 ........ *passim*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

## INTRODUCTION

This Court has twice dismissed Plaintiff Pemberton's claims under the California Invasion of Privacy Act ("CIPA") as time-barred, first with leave to amend, then with prejudice. Following the first dismissal, Plaintiff's counsel informed Defendants' counsel that they had other plaintiffs waiting in reserve. In response, Defendants' counsel proposed that Plaintiff seek leave to add the new plaintiffs before the parties engaged in another round of dispositive motion briefing. Plaintiff's counsel rejected the proposal. In a subsequent filing, Plaintiff's counsel represented that they no longer intended to seek leave to add new plaintiffs unless the Court dismissed Plaintiff's CIPA claims for a second time—revealing that any future amendment was designed solely as a workaround to an unfavorable ruling.

Yet, even after the Court issued its second order dismissing Plaintiff's CIPA claims, Plaintiff continued to delay seeking leave to amend—despite his counsel purportedly informing the new plaintiffs of Defendants' alleged violations as early as February 11, 2026. Instead, Plaintiff waited until the eve of the July 2, 2026 amendment deadline to seek leave without properly conferring.

Plaintiff contends he is entitled to amend under Federal Rule of Civil Procedure 15(a), which courts normally construe liberally in favor of allowing amendment. But this case is different. The circumstances here present a rare confluence of factors justifying denial: futility, undue delay, bad faith, and prejudice to Defendants. Each factor independently supports denial; together, they compel it.

The amendment is futile because, like Plaintiff, the two new plaintiffs (Dean Flowers and Nicole Guidotti) assert CIPA claims that are time-barred. Flowers alleges he first visited the Website in summer 2023 and thus, applying CIPA's one-year statute of limitations, his claims expired no later than summer 2024. Guidotti similarly alleges visiting the Website beginning in 2023, meaning her claims also expired in 2024. Neither plaintiff alleges facts sufficient to establish tolling—the very defect this Court has twice found fatal to Plaintiff's claims.

Moreover, unlike Plaintiff, Guidotti and Flowers visited the Website after its cookie banner was updated to establish more clearly that by continuing to browse, visitors consented to the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Website's Terms of Use and Privacy Policy. This updated language gives rise to additional legal defenses that independently defeat all the new plaintiffs' claims (not just under CIPA) and separately subjects the new plaintiffs' claims to binding arbitration.

The prejudice to Defendants from Plaintiff's litigation tactics is substantial. Plaintiff had multiple opportunities to add Guidotti and Flowers *before* this Court dismissed his CIPA claims a second time, yet he deliberately chose not to do so. His "wait-and-see" approach has maximized the burden on Defendants, who now face a third motion to dismiss, a motion to compel arbitration,[1] and the need to overhaul their discovery responses to address claims by two individuals who visited the Website at different times and under different circumstances. The Court should not reward such gamesmanship.

Plaintiff offers no good-faith basis for rejecting Defendants' earlier proposal for Plaintiff to seek leave before the parties engaged in further motion practice and discovery or for waiting until the last day to seek leave to amend, despite his counsel's acknowledgement that Guidotti and Flowers had been waiting in the wings for months. Nor does one exist. His motion is not about adding new plaintiffs; it is about doing exactly what he foreshadowed: attempting to undo this Court's dismissal of his CIPA claims so as to revive the putative CIPA class. This gamesmanship, combined with the last-minute timing and failure to properly confer, evidences bad faith litigation tactics that should not be condoned.

For these reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend. Alternatively, if the Court is inclined to permit amendment, Defendants request that it mitigate the resulting burden by staying all pending discovery until the Court resolves the threshold dispositive motions Defendants intend to file.

---

[1] Although not applicable to Plaintiff's sole Website visit in March 2023, Defendants believe they will be able to show that Guidotti and Flowers saw and consented to a revised cookie banner that binds them to the Website's Terms of Use and the binding arbitration provision therein.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

## BACKGROUND AND PROCEDURAL HISTORY

### 1. Plaintiff Files Complaint and the Court Dismisses His CIPA Claims as Untimely.

Plaintiff Pemberton filed this lawsuit nearly 16 months ago, asserting various privacy-based claims against Defendants arising from his alleged visit to the Burger King website, www.bk.com (the "Website"), in early 2023. (Dkt. 1; Dkt. 51, FAC ¶¶ 96, 119.)

Defendants filed a motion to dismiss Plaintiff's original complaint arguing, among other things, that Plaintiff's two claims under the California Invasion of Privacy Act ("CIPA") were barred by the governing one-year statute of limitations. (Dkt. 12.) Defendants also filed a motion to compel arbitration. (Dkt. 11.) On November 24, 2025, the Court granted Defendants' motion to dismiss in part, holding that Plaintiff's CIPA claims were untimely and that he had not alleged facts sufficient to establish equitable tolling. (Dkt. 46 at 10-11.) The Court dismissed the CIPA claims "with leave to amend to the extent [Plaintiff] can allege facts justifying his delay in filing the complaint." (*Id.* at 11.) The Court denied Defendants' motion to compel arbitration because Defendants did not establish that Plaintiff consented to arbitration through the then-existing cookie consent banner. (Dkt. 40.)

### 2. Plaintiff Files First Amended Complaint, Rejects Opportunity to Add New Plaintiffs, and the Court Again Dismisses His CIPA Claims, With Prejudice.

On January 29, 2026, Plaintiff filed his First Amended Complaint ("FAC"). (Dkt. 51.) Shortly thereafter, Defendants substituted new counsel. (Dkt. 54.) During a conferral about Defendants' new counsel's request for a brief extension, Plaintiff's counsel revealed "that his firm intended to seek leave from the Court to amend the FAC to add a new plaintiff and new allegations." (Dkt. 56 at 1.) In light of this, Defendants' counsel proposed a compromise that would, as pertinent here, "give Plaintiff's counsel ample opportunity to file a motion for leave to amend" and "avoid wasting this Court's resources." (*Id.*) Although the parties initially agreed to this approach, Plaintiff's counsel abruptly reversed positions and declined Defendants' proposal, forcing Defendants to quickly file a motion to dismiss Plaintiff's amended CIPA claims. (*Id.* at 2-4; Dkt. 57.)

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

In a case management statement filed shortly after Defendants moved to dismiss Plaintiff's FAC, Plaintiff's counsel stated they did "not currently anticipate amending" but sought to preserve the right to amend "should the Court grant Defendants' currently-pending motion to dismiss." (Dkt. 61 at 5.) Plaintiff's counsel proceeded to aggressively pursue discovery on Plaintiff's claims while the motion was being decided.

On May 11, 2026, the Court granted Defendants' motion to dismiss Pemberton's CIPA claims for a second time. (Dkt. 72.) The Court held that Plaintiff failed to "allege his good faith and reasonable conduct" sufficient to justify the significant amount of time that passed since he discovered his claims, and therefore had not "plausibly alleged equitable tolling applies, and his CIPA claims remain time-barred." (*Id.* at 10.) Because Plaintiff had previously been given leave to amend to allege facts justifying his delay, and "failed to do so," the Court concluded that "further leave to amend would be futile." (*Id.*)

**3. Plaintiff Waits Until the Last Minute to Seek Leave to Amend and Fails to Properly Confer Before Filing Motion to Add Two New Plaintiffs on the Eve of a Holiday Weekend.**

On May 20, 2026, the Court held an initial case management conference at which it set the primary case deadlines. As reflected in the pretrial order that followed, the Court set July 2, 2026, as the deadline for parties to "Move/Stipulate to Amend Pleadings." (Dkt. 76.)

On the July 2 deadline—the last business day before the July 4th holiday weekend—Plaintiff's counsel emailed Defendants' counsel about Plaintiff's intent to file a motion for leave to amend. *See* Exhibit 1 (July 2 Email Exchange Between P. Branson and M. Thornton). As noted in Defendant's counsel's response, Plaintiff's counsel's two-sentence "conferral" email provided no meaningful detail about Plaintiff's proposed amendment. About six hours after initially reaching out, Plaintiff's counsel circulated a copy of the proposed Second Amended Complaint ("SAC") and a redline. The proposed SAC added two new plaintiffs, Nicole Giudotti[2] [sic] and

---

[2] Plaintiff's counsel represents Nicole "Guidotti" in a substantially similar action filed against Dine Brands Global, Inc. in March 2026. *(See Guidotti v. Dine Brands Global, Inc.*, No. 3:26-cv-03288-WHO (N.D. Cal.).) Other court records confirm Guidotti is the correct spelling, and Defendants use that spelling herein.

Dean Flowers, and new allegations concerning the information allegedly intercepted by third parties. (Dkt. 78-2 at ¶¶ 8-9, 96-112.) The SAC did not add any new claims or defendants but notably sought to revive the two CIPA class claims that the Court dismissed with prejudice. Even though Plaintiff's counsel acknowledged in his email that it may "be difficult" for Defendants' counsel to reach Defendants—especially with such short notice on the eve of a holiday weekend—he provided Defendants' counsel only several more hours to provide Defendants' position.

**4. Plaintiff's Motion Seeks Leave to Add Claims by Plaintiffs Who First Visited the Website in 2023.**

Plaintiff's proposed SAC vaguely alleges that "[b]etween 2023 and 2026," California resident Guidotti "visited the Website 3-4 times a year to browse information about Burger King products and locations[,]" and specifically references a 2024 visit during which Guidotti allegedly "visited the Website to learn more information about the triple whopper." (SAC ¶¶ 9, 137.) Similarly, the SAC vaguely alleges that "[d]uring the last four years, including in or around Summer of 2023 and Winter of 2024," California resident Flowers "visited the Website to browse information about Burger King products and locations." (SAC ¶¶ 8, 128.) Like Plaintiff, Guidotti and Flowers claim they saw a cookie banner upon visiting the Website, declined certain cookies, and their consent designation was not fully honored. However, rather than plead specific allegations about the specific version of the cookie banner they saw when they visited in late 2023 through 2026, they adopt Plaintiff's allegations about the version of the cookie banner he saw when he visited the Website in early 2023—even though the Website's cookie banner and configuration has changed since:




(*Screenshot of Website's cookie banner in early 2023 as depicted in FAC. (FAC ¶ 1.).*)

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915




(*Screenshot of Website's cookie banner as it exists today*.)

Like Plaintiff, Guidotti and Flowers seek to assert claims for invasion of privacy, intrusion upon seclusion, fraud, and unjust enrichment—as well as the two CIPA claims that Plaintiff tried to bring but the Court dismissed with prejudice as time-barred.

## LEGAL STANDARD

"A motion for leave to amend is subject to Federal Rule of Civil Procedure 15(a), which provides that '[t]he court should freely give leave [to amend] when justice so requires.'" *Droesch v. Wells Fargo Bank, N.A.*, No. 20-cv-06751-JSC, 2022 WL 1659118, at *1 (N.D. Cal. May 25, 2022) (quoting Fed. R. Civ. P. 15(a)(2)). "However, a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint." *Id.* (quotation omitted).

## ARGUMENT

Courts consider "five factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *Sierra Club v. U.S. Dep't of Interior*, No. 18-cv-00797-JSC, 2019 WL 1995763, at *2 (N.D. Cal. May 6, 2019) (Corley, J.) (denying leave to amend); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010). In this case, each of these factors weighs in favor of denying Plaintiff's motion.

### 1. Amendment Would Be Futile Because Guidotti's and Flowers's CIPA Claims Are Time-Barred, Subject to Binding Arbitration, and Independently Fail Under the Website's Updated Cookie Banner.

"Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*,

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

375 F.3d 805, 808 (9th Cir. 2004); *Color Switch LLC v. Fortafy Games DMCC*, 818 Fed. App'x 694, 697 (9th Cir. 2020). For purposes of the futility analysis under Rule 15(a)(2), the legal standard is the same as it would be on a motion to dismiss: the Court asks whether the proposed amendment would survive a Rule 12(b)(6) motion. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Adkins v. Facebook, Inc.*, No. C 18-05982 WHA, 2019 WL 3767455, at *1 (N.D. Cal. Aug. 9, 2019). Here, amendment is futile because: (a) the new plaintiffs' CIPA claims are time-barred; (b) the new plaintiffs have not pleaded damages sufficient to support their other claims; and (c) by interacting with the Website's updated cookie banner, the new plaintiffs agreed to the Website's Terms of Use and Privacy Policy, which include language that defeats their claims under the law and also requires them to submit their claims, past and present, to binding arbitration.

**a. The New Plaintiffs' CIPA claims are time-barred.**

The statute of limitations for CIPA claims is one year. *See* Cal. Civ. Proc. Code § 340(a); *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 134 (N.D. Cal. 2020); *Pemberton v. Restaurant Brands Int'l, Inc.*, No. 25-cv-03647-JSC, 2026 WL 1283383, at *2 (N.D. Cal. May 11, 2026). Flowers allegedly visited the Website "[d]uring the last four years, including in or around Summer of 2023 and Winter of 2024[.]" (SAC ¶ 128.) Guidotti allegedly visited the Website "3-4 times a year" between 2023 and 2026. (*Id.* ¶ 137.) Because both of their claims first accrued sometime in 2023, they had until 2024 at the latest to file their claims against Defendants.

Guidotti and Flowers may attempt to argue tolling but, like Plaintiff, they have not satisfied their burden of alleging particular facts about when they could have discovered the alleged wrongdoing through reasonable diligence. They simply allege they "lacked the technical expertise and specialized tools necessary to determine whether the Website honored their opt-out selections or instead continued transmitting their data notwithstanding those selections, and they did not discover Defendant's [sic] conduct until a later investigation revealed it." (*Id.* ¶ 23.) This Court and others have rejected such conclusory allegations. *See Pemberton*, 2026 WL 1283383, at *5; *see also Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1143-44 (C.D. Cal. 2010) (holding that because plaintiff had "not alleged in any form the manner of her discovery, her complaint

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

[did] not adequately plead tolling under the delayed discovery rule").

**b. Neither Guidotti nor Flowers Alleges Damages Sufficient to Support Their Other Privacy-Based Claims.**

To bring valid claims against Defendants for invasion of privacy, intrusion upon seclusion, fraud, and unjust enrichment, the two new plaintiffs must allege facts sufficient to support damages. Damages are both an element of their claims and a key component of meeting their burden to establish that this Court has jurisdiction under Article III. This Court recently dismissed similar claims for failure to allege tangible economic injury or intangible privacy injuries. *See Crano v. Sojern, Inc.*, No. 3:25-cv-02600-JSC, 2026 WL 1670136, at *2, 6 (N.D. Cal. June 9, 2026). For similar reasons, the new plaintiffs—who visited the Website with a different cookie banner and under different circumstances—have not alleged facts sufficient to establish damages to support any of their claims. Thus, permitting Plaintiff's proposed amendment would be futile.

**c. The New Plaintiffs Engaged with a Cookie Banner that Separately Defeats Their Claims or Requires Arbitration.**

Unlike Plaintiff, who alleges he visited the Website just once in March 2023, Guidotti and Flowers allege they visited in later years, including one of them as recently as 2026. As currently reflected on the Website, the cookie banner in 2026 is materially different from the one that existed in March 2023. Unlike before, the cookie banner now states that, "By accessing or continuing to use [the Website], you agree to our **Terms of Service** and our **Privacy Policy**, which may impact certain important rights." At least one of the new plaintiffs' allegations establish that they saw the cookie banner and continued to use the Website notwithstanding this updated disclosure language, which is sufficient evidence of consent. *See, e.g., Fedoroff v. Rocket Mortgage*, No. 26-cv-00702-JSC, 2026 WL 1707021, at *8 (N.D. Cal. June 12, 2026); *Penning v. NVIDIA Corp.*, No. 25-cv-09160-SVK, 2026 WL 1433313, at *5-8, 11-12 (N.D. Cal. May 21, 2026).

This is important for numerous reasons. First, it provides additional substantive legal grounds for dismissing the new plaintiffs' claims. *See generally* https://www.bk.com/privacy-policy (noting, among other things, limitations associated with using the cookie consent management tool on the Website, which forecloses the new plaintiffs' claims to the extent they are

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

based on alleged misrepresentations in prior versions of the cookie banner). And second, it means that they agreed to arbitrate "any dispute, claim, or controversy (excluding those exceptions listed below), whether based in contract, tort, statute, fraud, misrepresentation, or any other legal theory, that either of us seeks legal recourse for, including the validity, enforceability, applicability, scope, or meaning of this agreement to arbitrate or any portion of it, and **including claims that arose before this or any prior agreement** or that arise after the termination of the Terms." https://www.bk.com/terms-of-service (effective early 2024) (emphasis added). For either of these reasons, permitting Plaintiff to amend his pleadings to add two new plaintiffs would be futile.

**2. Amendment Would Cause Undue Prejudice to Defendants by Forcing Them to Endure a Third Round of Motions to Dismiss, Another Round of Motions to Compel Arbitration, and Amended Discovery and Disclosures.**

Prejudice to the opposing party "'carries the greatest weight'" in the Rule 15(a) analysis. *Sierra Club*, 2019 WL 1995763, at *2 (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Here, Defendants can demonstrate prejudice in multiple respects.

**First**, Defendants have expended substantial time and expense defending against Plaintiff's claims since this litigation commenced in April 2025. Defendants responded to Plaintiff's arbitration demand, filed a motion to compel arbitration, twice moved to dismiss his untimely CIPA claims, and prepared for and attended multiple case management conferences. Defendants also propounded written discovery specific to Plaintiff and responded to Plaintiff's written discovery requests, which, until the Court's most recent dismissal order, Plaintiff's counsel pursued aggressively. Adding new plaintiffs at this juncture would in many respects reset the litigation, requiring new dispositive motion practice—including potentially a third round of briefing on time-barred CIPA claims and a new motion to compel arbitration. *See Cordova v. Lehman Bros., Inc.*, 237 F.R.D. 471, 477 (S.D. Fla. 2006) (finding prejudice where defendants had already expended substantial time and resources drafting motions to dismiss and additional amendment would require defendants to conduct further research and adjust arguments "yet again"); *see also Shelton v. McLane Co., Inc.*, No. 1:17-CV-888-SS-AWA, 2018 WL 3453883, at *4 (W.D. Tex. July 16, 2018) ("The prejudice comes from the time expended on a cause of action

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

that [Plaintiffs] are essentially trying to jettison in lieu of a newly developed claim.").

**Second**, the proposed amendment would materially expand the scope of this litigation. As it stands, the operative Complaint contains no viable CIPA claims—those claims were dismissed with prejudice. The SAC would effectively restore two class action CIPA counts that are not currently in the case, thereby expanding not only the scope of discovery but also Defendants' potential exposure to CIPA's statutory damages for a class that Plaintiff will presumably argue should be defined to include members with claims brought within one year of when he filed his original complaint in April 2025—a class that, if the new plaintiffs filed their own actions, they would not be able to pursue. *See Mobile Emergency Housing Corp. v. HP, Inc.*, No. 20-cv-09157-SVK, 2022 WL 18098217, at *9–10 (N.D. Cal. Dec. 7, 2022) (finding prejudice where amendment would expand the scope of the case and there were "key differences" between the factual basis for the old plaintiffs' and new plaintiff's claims).

**Third**, the new plaintiffs visited the Website at different times, with different cookie banners, different terms of use and privacy policies, under potentially different website configurations than Plaintiff's March 2023 visit. Defendants have been preparing their defense based on Plaintiff's specific allegations; the addition of new class representatives will necessitate additional motion practice and discovery, causing prejudice. *See, e.g., Osakan v. Apple Am. Grp.*, No. C 08–4722 SBA, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) (stating, as part of prejudice analysis, that allowing additional plaintiffs to be added would require "new and/or additional discovery" and Defendants would need to determine whether the new proposed plaintiffs were subject to unique defenses).

Plaintiff argues that "[t]he amendment will not prejudice Defendants" because it "does not change the operative facts, nor does it add any additional causes of actions or new defendants." (Dkt. 78 at 6:13, 20-21.) This is incorrect. The addition of two CIPA class claims that were dismissed with prejudice fundamentally changes this litigation. And denying the motion will not prejudice Plaintiff—he lacks standing to pursue the CIPA claims, and the new plaintiffs remain free to file their own independent actions, as they have threatened to do if the Court denies Plaintiff's motion.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**3. Plaintiff's Counsel Had Ample Opportunity to Amend to Avoid at Least Some of the Prejudice to Defendants but Opted to "Wait-and-See" in Bad Faith.**

"In the context of a motion to amend under Rule 15(a), 'bad faith' generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage." *Ramachandran v. City of Los Altos*, No. 18-CV-01223-VKD, 2020 WL 1914961, at *9 (N.D. Cal. Apr. 20, 2020). Courts have found bad faith where a plaintiff holds claims in reserve until "the proverbial writing was on the wall" that they will receive an adverse ruling. *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011); *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial where "[p]laintiffs' attorney admitted that plaintiffs' delay in bringing the . . . cause of action was a tactical choice").

That is precisely what Plaintiff has done here. His own motion concedes the strategic calculus: "Plaintiff has previously informed Defendants that he was prepared to amend his complaint to add new plaintiffs *if his CIPA claims were determined to be untimely*." (Dkt. 78 at 5:23-25 (emphasis added).) In other words, Plaintiff strategically held potential plaintiffs in reserve as an insurance policy. He gambled that the Court would credit his equitable tolling arguments—and lost, twice. Only then did he unveil the backup plaintiffs, when the prejudice to Defendants would be greatest. Courts do not condone a "wait-and-see approach to litigation" where a plaintiff waits to seek leave to amend a complaint until they receive an adverse ruling, as Plaintiff has done here. *See Ortega v. Nissan North Am., Inc.*, No. 1:22-cv-01581-ADA-EPG, 2023 WL 3569795, at *8 (E.D. Cal. May 18, 2023), *report and recommendation adopted* 2023 WL 4669971 (E.D. Cal. July 20, 2023); *see also Miller v. Mercedes-Benz USA, LLC*, No. CV 06-05382 ABC (JTLX), 2009 WL 1393488, at *2 (C.D. Cal. May 15, 2009) ("[A]fter two years of litigation, and two motions to dismiss—in which the parties argued the scope and propriety of [the plaintiff's] claims and through which the Court ruled on the applicability of [the plaintiff's] claims—[plaintiff] now offers [a new plaintiff] as class representative. The Court does not appreciate, or approve of, this bait-and-switch tactic.").

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**4. Plaintiff's Counsel Knew of New Plaintiffs as Early as February 2026 but Inexplicably Waited Five Months to Seek Leave to Amend—Only After This Court Dismissed Plaintiff's CIPA Claims for the Second Time.**

"Undue delay is a valid reason for denying leave to amend." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990)); *see also M.A. Silva Corks USA, LLC v. M.A. Silva Holdings, Inc.*, No. 22-cv-04345-AMO, 2024 WL 1180999, at *6 (N.D. Cal. Mar. 18, 2024). "[A] moving party's inability to acceptably explain its delay may indicate that the delay was undue." *Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1176 (E.D. Cal. 2013); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996). Here, Plaintiff provides no meaningful explanation for why he waited months to add these plaintiffs, other than an unambiguous acknowledgment that he was waiting to see how the Court would rule on his CIPA claims. (*See* Dkt. 78 at 5:23-25.) That is not a valid reason for delay.

**CONCLUSION**

Plaintiff's motion is a transparent attempt to resurrect CIPA claims that this Court has twice dismissed as time-barred—not the sort of good-faith amendment that Rule 15 liberally permits. Having gambled on equitable tolling and lost, Plaintiff should not be permitted to effectively restart this litigation with backup plaintiffs whose claims suffer from the same fundamental defects as Plaintiff's, as well as independent defects arising from their use of the Website at different times and under differing circumstances. Amendment is futile, is being sought in bad faith, after undue delay, and would cause substantial prejudice to Defendants.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for leave to file a Second Amended Complaint. Alternatively, if the Court is inclined to permit amendment, Defendants request that the Court mitigate the burden they will suffer by staying all pending discovery until the Court resolves any threshold dispositive motions. Requiring Defendants to respond to discovery while simultaneously litigating threshold issues would be inefficient and potentially wasteful if the new plaintiffs' claims are dismissed or compelled to arbitration.

Respectfully submitted,

DATED: August 6, 2026

**BALLARD SPAHR LLP**

*/s/ J. Matthew Thornton*
J. Matthew Thornton
Brianna R. Howard

*Counsel for Defendants Restaurant Brands International, Inc. and Restaurant Brands International US Services, LLC*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of August 2026, I electronically filed a true and correct copy of the foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND** using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

**BALLARD SPAHR LLP**

BY: */s/ Susan M. Goettl*