**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff and New Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL PEMBERTON, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RESTAURANT BRANDS INTERNATIONAL, INC. AND RESTAURANT BRANDS INTERNATIONAL US SERVICES LLC,<br><br>Defendants. | Case No. 3:25-cv-03647-JSC<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND**<br><br>Hon. Jacqueline Scott Corley<br><br>Date: September 24, 2026<br>Time: 10:00 a.m.<br>Ctrm: San Francisco, Courtroom 8 |

## I. INTRODUCTION

Plaintiff Daniel Pemberton ("Plaintiff") has established that he should be granted leave to add Plaintiffs Dean Flowers and Nicole Guidotti (collectively, the "New Plaintiffs"). In opposition, Defendants gloss over the details of this case and the applicable law to oppose amendment, including a claim that Plaintiff waited until the eve of filing the motion to amend to confer with Defendants. On the contrary, the parties had discussed amendment several times previously and Defendants had maintained consistently, including in filings with this Court, that they would oppose any attempt to amend the complaint. *See* ECF 74 at 6. Regardless, and despite what Defendants now argue, the proposed amendment does not expand the scope of discovery, add new defendants, or add any new claims. The request is also timely, as the Court has not set a trial date and discovery is in its early stages. Indeed, Defendants have not produced any documents to date. Further, there is no undue delay, bad faith, or dilatory motive, and the proposed amendment is neither futile nor unfairly prejudicial to Defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Finally, granting leave to amend will promote judicial economy by permitting all timely claims arising from the same alleged conduct to proceed in a single action, rather than forcing duplicative litigation involving the same defendants, evidence, and legal issues.

## II. ARGUMENT

### A. The Amendment Is Not Sought in Bad Faith.

This amendment is not being sought in bad faith. Bad faith exists where, *inter alia*, the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (bad faith exists where party sought leave to amend "to destroy diversity and to destroy the jurisdiction of this court") (internal quotation marks omitted). Bad faith may also exist when a plaintiff tactically seeks to amend to add new claims once "the proverbial writing [is] on the wall." *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011) (finding bad faith when

plaintiff "expressly reaffirmed to this Court on two separate occasions" that it was bringing one claim in a patent infringement case and only moved to amend to add additional claims when briefing on a motion for summary judgment was complete).

Here, New Plaintiffs seek to join the case to preserve their (and putative class members') CIPA claims. Plaintiff's proposed amendment does not seek to add "new but baseless legal theories." *Griggs*, 170 F.3d at 881. Rather, the same claims and the same CIPA causes of action have been at issue since the beginning of the case. The cases cited by Defendants are inapposite. Two pertain to the addition of new causes of action rather than new plaintiffs. *See Trans Video Elecs., Ltd*, 278 F.R.D. at 510; *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). Nor has Plaintiff engaged in a "wait-and-see approach." (ECF 81 at 11). Again to the contrary, the Court explicitly set a deadline for Plaintiff to move to amend to add additional plaintiffs after discussing such amendment at a case management conference. ECF 76. Thus, *Ortega v. Nissan N. Am., Inc.*, 2023 U.S. Dist. LEXIS 87241 (E.D. Cal. May 18, 2023) does not apply. In *Ortega*, the court identified concerns at the motion to dismiss hearing and gave plaintiff an explicit choice to either amend before a decision on the motion to dismiss or take the "risk that he would not be granted leave to amend." Plaintiff did not amend before the decision therefore the court granted the motion to dismiss without leave to amend. *See Ortega*, 2023 U.S. Dist. LEXIS 87241, at *20 (invoking a Third Circuit "wait and see approach" doctrine). And the final case, *Miller v. Mercedes-Benz USA LLC*, 2009 U.S. Dist. LEXIS 45512, at *4 (C.D. Cal. May 15, 2009), involves a situation wholly inapplicable to this motion, where plaintiff, *at class certification*, sought to have a non-party class member appointed as class representative *instead of* plaintiff. There is no bad faith.

**B. There Is No Undue Delay.**

"Undue delay by itself, however, is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The Ninth Circuit has "previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving

party, or futility of the amendment." *Id*. Here, Plaintiff waited until the resolution of a pending motion to dismiss on his First Amended Complaint, the result of which could have mooted the need for the present amendment. Indeed, until this Court dismissed Plaintiff's CIPA claims with prejudice, there was no need for New Plaintiffs to join the case. ECF 72 (May 11, 2026). The parties discussed amendment with the Court at the case management conference, and the Court set a deadline for seeking amendment. ECF 76. Plaintiff complied with the deadline. The proposed amendment is therefore timely and any delay was not undue.

**C. Defendants Will Not Be Prejudiced.**

The amendment will not prejudice Defendants. Prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *see also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387–88 (9th Cir. 1990) (prejudice exists where permitting plaintiff to file an amended complaint will lead to "the nullification of prior discovery," increase "the burden of necessary future discovery," and the "relitigation of a [previously-decided] suit"). Courts routinely reject any prejudice to the non-moving party when the case is in its early stages. *See*, *e.g.*, *Jordan v. Advanced Med. Reviews, LLC*, 2021 U.S. Dist. LEXIS 93504, at *6-8 (C.D. Cal. May 17, 2021); *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 25899, at *10–14 (N.D. Cal. Feb. 27, 2015). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187.

Here, Defendants cannot identify any prejudice that supports denying amendment. Discovery is in its earliest stages. Indeed, Defendants have not yet produced any documents. No depositions have taken place, and the parties are still negotiating production of ESI. Per the parties' agreement and this Court's subsequent scheduling order, there is no discovery cutoff in this case. *See* ECF 74 at 12; ECF 76. The next deadline is Plaintiff's deadline to file a motion for class certification on May 20, 2027. ECF 76. Thus, Plaintiff's amendment that adds the New Plaintiffs to maintain the original scope of the case will not prejudice Defendants.

Defendants nevertheless argue that amendment is prejudicial because they "have expended substantial time and expense defending against Plaintiff's claims" and amendment would require another "round of briefing" on the CIPA claims. ECF 81 at 9. But the need for further briefing does not amount to undue prejudice that warrants denial of leave to amend. *See Millar v. Express Techs. Ltd.*, 2026 U.S. Dist. LEXIS 47628, at *4 (C.D. Cal. Mar. 3, 2026) ("delay and cost attendant with another round of motion to dismiss briefing" not "substantial" enough to amount to undue prejudice).

Defendants further contend that they will be prejudiced because allowing New Plaintiffs to join this case will expand its scope and subject Defendants to statutory damages. That amendment will expand the scope of the litigation is simply not true. The proposed SAC does not change the operative facts, nor does it add any additional causes of action or new defendants. The causes of action on which Plaintiff will proceed regardless of the outcome of this motion will result in the same discovery as if amendment is allowed—e.g., the design of the Website, the functionality of Defendants' cookie banner, the data collected by third parties, etc. Moreover, as this is a class action, discovery will cover the class period, meaning that Defendants will have to deal with issues pertaining to different timing of visits and *potentially* different configurations of the Website regardless. And even if there were expanded discovery, that alone does not amount to prejudice where the close of discovery is not imminent. *See Brunell v. Thermo Fisher Sci. Inc.*, 2025 U.S. Dist. LEXIS 216425, at *4-5 (S.D. Cal. Nov. 3, 2025) (additional claims and discovery were not prejudicial where "the case is in its infancy and discovery is ongoing").

Moreover, although Defendants complain of being potentially subject to statutory damages, they cite no authority for the proposition that increased potential liability amounts to undue prejudice when considering a motion to amend. Defendants' analysis of the scope of the class and whether the New Plaintiffs' class period would be larger or smaller than the class period pled in the current complaint is also premature. Any analysis of the applicable class period would require consideration of consolidation of the New Plaintiffs' hypothetical new case with this one and application of the discovery rule to the class period.

Defendants will not avoid any of the prejudices they identify if this Court denies amendment. As Defendants have acknowledged, "new plaintiffs remain free to file their own independent actions." ECF 81 at 10. If this Court denies Plaintiff's motion, then the New Plaintiffs will file an independent action at which point Defendants will still face further rounds of briefing, discovery, and increased exposure to liability under CIPA. Thus, Defendants identify no prejudice whatsoever, let alone prejudice sufficient to justify denying Plaintiff's motion.

**D. Amendment Is Not Futile.**

The proposed amendment is not futile. Amendment is futile only if the proposed SAC could not survive a motion to dismiss or if the plaintiff "could not prevail on the merits." *Smith v. Commanding Officer, Air Force Accounting & Fin. Ctr.*, 555 F.2d 234, 235 (9th Cir. 1977). Defendants raise three arguments as to why amendment could be futile: (1) that New Plaintiffs' claims are not timely; (2) that New Plaintiffs' claims fail for a lack of damages; and (3) that New Plaintiffs' claims could be subject to binding arbitration. None of these arguments has merit.

First, New Plaintiffs' claims are timely due to the delayed discovery rule and fraudulent concealment. SAC ¶¶ 23–25. New Plaintiffs did not learn of their claims until April 2, 2026 (Plaintiff Flowers) and February 11, 2026 (Plaintiff Guidotti). SAC ¶ 25. After learning about their claims, Plaintiffs promptly pursued their claims. Defendants' assertion to the contrary ignores these allegations and therefore offers an incomplete analysis. ECF 81 at 7. As this and other courts in this District have recognized, where a case is "based on defendants' use of highly technical software, and [ ] the plaintiff did not learn of the injury until shortly before filing the suit," the discovery rule applies and claims are not time-barred. *Gabrielli v. Haleon US Inc.*, 815 F. Supp. 3d 852, 869 (N.D. Cal. 2025); ECF 46 at 9 (applying discovery rule); *see also Doe v. Fullstory, Inc.*, 712 F. Supp. 3d 1244, 1255 (N.D. Cal. 2024).

Second, Defendants' argument that New Plaintiffs have not alleged damages is essentially an argument that New Plaintiffs lack standing. But this Court has already considered and rejected such arguments. ECF 46 at 6–7. Defendants' cited case is easily distinguishable: there, the court dismissed the privacy claims because the plaintiff failed to plead a sufficient privacy interest. *See*

ECF 81 at 8 (citing *Crano v. Sojern, Inc*., 2026 U.S. Dist. LEXIS 127820, at *7 (N.D. Cal. June 9, 2026)). Unlike *Crano*, New Plaintiffs here not only allege that Defendants caused Third Parties to take data in which they have a protectable privacy interest, but Defendants did so after promising to protect their data. ECF 46 at 6–7. Accordingly, amendment can hardly be called futile on that basis.

Finally, Defendants assert that one of the New Plaintiffs' claims may be subject to arbitration because at some point not identified in the proposed SAC or in Defendants' Opposition the Website's cookie banner apparently changed to include a reference to terms that include an arbitration provision. Setting aside whether Defendants' argument with no evidentiary support is permissible in analyzing a motion for leave to amend, Plaintiff disputes that either of the New Plaintiffs' claims are subject to arbitration. Defendants rely on their description of the cookie banner in 2026 and notes that "one of" the New Plaintiffs visited "as recently as 2026." ECF 81 at 8. Plaintiff Flowers alleges he visited "in or around Summer of 2023 and Winter of 2024." ECF 78-2 at ¶ 128. Thus, Defendants' arguments are not applicable to Plaintiff Flowers.

Plaintiff Guidotti alleges she visited three to four times a year "between 2023 and 2026." *Id.* ¶ 137. Defendants contend that "the cookie banner in 2026 is materially different from the one that existed in March 2023." ECF 81 at 8. But Defendants have offered no evidence that Plaintiff Guidotti ever saw this updated cookie banner during one of her visits, instead (improperly) offering a screenshot of the banner "as it exists today." ECF 81 at 6. Setting aside whether the terms are enforceable considering Defendants' unclean hands, this Court has not considered whether the purported new banner provided sufficient notice of the terms even if Plaintiff Guidotti viewed it. *See Chabolla v. ClassPass Inc*., 129 F.4h 1147, 1153 (9th Cir. 2025) (finding that certain windows that included links to terms and conditions were not sufficient to put plaintiff on notice of such terms even where the hyperlink was in blue font and underlined).

And even if this Court concluded Plaintiff Guidotti assented to the terms, there remains the question of whether those terms are enforceable under *McGill v. Citibank, N.A*., 2 Cal. 5th 945 (2017). As such, the proposed amendment is not futile.

Defendants also claim that the 2026 banner "provides additional substantive legal grounds for dismissing the new plaintiffs' claims." ECF 81 at 8. Defendants do not explain how or why the banner revision "not[es] . . . limitations associated with using the cookie consent management tool on the Website," (*id.*) nor is it apparent from today's privacy policy that Defendants link to. Defendants link to the privacy policy in the banner which reiterates that opt out requests will be honored but in fact they are not. Thus, even if one of the New Plaintiffs saw the 2026 banner, it does not render amendment futile.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that leave to amend be granted to file the Second Amended Complaint adding New Plaintiffs.

DATED: August 27, 2026

**GUTRIDE SAFIER LLP**

*/s/ Hayley Reynolds /*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Todd Kennedy (State Bar No. 250267)
todd@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Patrick J. Branson (*pro hac vice*)
patrick@gutridesafier.com
305 Broadway, 7th Floor
New York, NY 10007
Telephone: 415-639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff and New Plaintiffs*